UNITED STATED DISTRICT COURT
DISTRICT OF CONNECTICUT

*FILED*
*Dec 17  12:53 PM '03*
*DISTRICT COURT*
*NAVEN, CONN.*

| | | |
|---|---|---|
| RICARDO INHAN, | : | CIVIL ACTION NO: |
| | : | 3:02CV0213 (GLG) |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| NORTHEAST MARKETING | : | |
| GROUP, L.L.C., | : | |
| | : | |
| Defendant. | : | December 15, 2003 |

## PLAINTIFF'S MOTION TO COMPEL
## DEFENDANT'S DISCOVERY COMPLIANCE

The Plaintiff, pursuant to Federal Rule of Civil Procedure Rule 37(B), moves the Court for

an Order compelling the Defendant to more fully respond to both Plaintiff's Second Set of

Interrogatories, dated October 20, 2003, and Plaintiff's Third Set of Interrogatories and Request for

Production, dated October 23, 2003. The Defendant objected to Plaintiff's requests and such

objections were unwarranted. In support of his motion, the Plaintiff submits the following

memorandum of law.

The Plaintiff,
Ricardo Inhan

By: _____
Eugene N. Axelrod (CT00309)
The Employment Law Group, LLC
8 Lunar Drive
Woodbridge, CT  06525
(203) 389-6526
(203) 389-2656

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent via postage pre-paid, first class mail to the following:

Louis M. Federici, Esq.
Angella M. Offredi, Esq.
Parrett, Porto, Parese & Colwell, PC
2319 Whitney Avenue, Suite 1D
Hamden, CT 06518

___12/15/03___
Date

_____
Melissa Toddy
Commissioner of the Superior Court

2

UNITED STATED DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICARDO INHAN, | : | CIVIL ACTION NO: |
| | : | 3:02CV0213 (GLG) |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| NORTHEAST MARKETING | : | |
| GROUP, L.L.C., | : | |
| | : | |
| Defendant. | : | December 15, 2003 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL
DEFENDANT'S DISCOVERY COMPLIANCE**

**I.      Preliminary Background**

The Plaintiff in the above captioned case served the Defendant with a Second Set of

Interrogatories, dated October 20, 2003 and with a Third Set of Interrogatories and Request for

Production, dated October 23, 2003.  Defendant served the Plaintiff objections to Plaintiff's Second

Set of Interrogatories on October 28, 2003 and to Plaintiff's Third Set of Interrogatories and

Request for Production on November 3, 2003.  (Attached as Exhibits A and B, respectively.)

Pursuant to Federal Rule of Civil Procedure Rule 37(B) if a party "fails to answer an

interrogatory submitted under Rule 33 . . . the discovery party may move for an order compelling an

answer . . ."  The Plaintiff has made a good faith effort to obtain the disclosure without court

intervention with no success.  (Certification attached as Exhibit C.)  All of Plaintiff's interrogatories

and the request for production were propounded in good faith and the information is relevant to

these proceedings.

## II.     Nature of the Proceedings

This action arises out of violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. by Defendant Northeast Marketing Group, LLC.

On October 20, 2003, the Plaintiff forwarded his Second Set of Interrogatories. On October 28, 2003, the Defendant objected to all requests as "overly broad, unduly burdensome and not reasonable calculated to lead to the discovery of admissible evidence." Additionally, the Defendant stated that Plaintiff's requests were "designed solely to harass the defendant." On October 23, 2003, the Plaintiff forwarded his Third Set of Interrogatories to the Defendant and Requests for Production. On November 3, 2003, the Defendant objected to all interrogatories, as having no relevance as required by F.R.C.P. 26(b)(1).

## III.     Information sought through this Motion to Compel

Plaintiff's Second Set of Interrogatories requests that the Defendant identify by name and provide contact information for all persons employed by Defendant, both full-time and part-time, from June, 1999 through March, 2001.

Plaintiff's Third Set of Interrogatories and Request for Production requests that the Defendant provide information concerning items found in Percy Curry's desk that were entered into evidence and extensively utilized at his June 19, 2003 deposition. Plaintiff requests information such as when Defendant first became aware of the items, when Defendant examined Mr. Curry's desk in order to find the items, when Defendant notified Mr. Curry that it had found the items, and when the Defendant first notified Defense counsel of the existence of the items. Plaintiff's Production Request asks that Defendant provide any documents relating to the first time such items were discovered in Mr. Curry's desk, prior to the information being turned over to Defendant's attorney.

2

## IV.    Legal Argument

It is well established that Fed. R. Civ. P. 26 affords parties broad discovery rights.  See

Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352, 98 S. Ct. 2380, 57 L.Ed. 253 (1978);

Hickman v. Taylor, 329 U.S. 495, 507-8, 67 S. Ct. 385, 91 L.Ed 451 (1947).  Federal Rule of Civil

Procedure Rule 26 authorizes a party to obtain "discovery regarding any matter, not privileged,

which is relevant to the subject matter involved in the pending action, and all information

reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

The phrase "relevant to the subject matter involved" has been defined by the Supreme Court to

encompass any matter that bears on, or that reasonably could lead to other matters that could bear

on, any issue that is or may be in the case.  Oppenheimer Fund, Inc. v. Sanders, supra, 437 U.S.

351, citing Hickman v. Taylor, supra, 329 U.S. 501.

"The purpose of civil discovery is also investigative, and the scope of discovery includes

any information that appears reasonably calculated to lead to the discovery of admissible evidence."

United States v. Kross, 14 F.3d 751 (2d Cir. 1994), citing Fed. R. Civ. P. 26(b)(1) (internal

quotation marks omitted).  See also In re NASDAQ Market-Makers Antitrust Litig., 929 F. Supp.

723 (S.D.N.Y. 1996).  "[D]oubts about relevance at the discovery state should be made in favor of

production, as any irrelevant materials produced can later be ruled inadmissible at trial." Conn. Fair

Hous. Ctr. Inc. v. I.S.D.S. Hartford Props. Corp., 2001 U.S. Dist. LEXIS 24008, (D. Conn. 2001,

*Hall, J.*).

A.    Plaintiff's request for employee information is neither overly broad nor unduly
      burdensome and it is reasonable calculated to lead to the discovery of admissible
      evidence.

The Defendant objected to both parts of the question in Plaintiff's Second Set of

Interrogatories, arguing that such requests were "overly broad, unduly burdensome and not

3

reasonably calculated to lead to the discovery of admissible evidence," "designed solely to harass the defendant," and in violation of employee confidentiality and privacy. Defendant's objections are unwarranted.

In <u>Conn. Fair Hous. Ctr., Inc. v. I.S.D.S. Hartford Props. Corp</u>. supra, 2001 U.S. Dist. LEXIS 24008, a fair housing action in which the plaintiff alleged discrimination on the basis of race, the defendant refused to produce information concerning the race and contact information of vacating tenants and that of subsequent tenants. The Court reasoned that the request for tenant names and contact information was not overly burdensome, nor did they violate the personal information of non-parties, because "much of the information, like telephone number and address" is often listed publicly. Id.

Additionally, in <u>Tangorre v. Mako's, Inc.</u>, 2002 U.S. Dist. LEXIS 2084 (S.D.N.Y. 2002), the court granted the plaintiff's motion to compel, requiring that the defendant produce names and contact information for all employees, agents or representatives. In that case, the defendant had objected to the plaintiff's request on the basis that the interrogatories were overly broad, burdensome, called for irrelevant information and were designed to harass the defendant. "By asserting general objections and contending merely that [the plaintiff] is not entitled to these items . . . [the defendant] <u>has substituted its own narrow view of the merits of this action</u> for the liberal rules that govern discovery, and has sharply circumscribed [the plaintiff's] right to obtain relevant information in the pretrial discovery process." Id. (Emphasis added.)

Given that the Plaintiff in the present case has alleged discrimination on the basis of race and national origin, and that he has been treated differently from other non-minority employees, it is necessary for the Plaintiff to be able to identify other individuals employed by the Defendant. As for Defendant's concern for employee confidentiality and privacy, the Plaintiff indicated to counsel

4

for Defendant that he was willing to enter a protective order for confidential employee information,

as the parties have done in the past, but was rebuffed.

Defendant's suggestion that the request for employee information is "solely to harass the

defendant" is absurd. Without such contact information, the Plaintiff is unable to contact potential

witnesses for trial. The Plaintiff believes that several employees, both past and present, may have

relevant information that he may use to substantiate his claims. However, Mr. Inhan, whose native

language is not English, is unable to recall the names of those individuals, and therefore has no way

of contacting these potential witnesses.

"The need for full disclosure of facts is necessary to our system of justice. . . . [F]ull

disclosure is most strongly warranted in cases, like this one, involving alleged violations of federal

rights." Conn. Fair Hous. Ctr., Inc. v. I.S.D.S. Hartford Props. Corp. supra, 2001 U.S. Dist. LEXIS

24008, citing Burka v. New York City Transit Authority, 110 F.R.D. 660, 665 (S.D.N.Y. 1986).

Plaintiff's request for employee names and contact information is neither overly broad, irrelevant,

nor intended to harass the Defendant. Accordingly, the Plaintiff respectfully requests that the Court

GRANT this Motion to Compel and order the Defendant to comply with Plaintiff's Second Set of

Interrogatories, dated October 20, 2003.

B.    Information regarding items found in Percy's Curry's desk is clearly properly
      discoverable, given Plaintiff's prior request and the fact that Defendant marked them
      for identification at deposition, such that they could be used for trial.

At the deposition of Percy Curry, one of Plaintiff's primary witnesses, Attorney Federici,

counsel for Defendant, made an elaborate attempt to discredit the testimony of the witness by

producing and marking for identification photographs that Defendant had previously found in Mr.

Curry's work desk. Mr. Curry was subjected to prolonged questioning regarding these photographs

and about his personal life.

5

Although the Defendant was subject to the continuing obligation to identify and provide the Plaintiff with "each document . . . that may be offered as evidence at trial;" (See Interrogatory No. 15 and Production Request No. 15, Plaintiff's First Set of Interrogatories and Requests for Production, dated August 9, 2002); the Defendant failed to provide the photographs to the Plaintiff until Attorney Federici beginning to interrogate Mr. Curry during his deposition on June 19, 2003. Mr. Curry had resigned from his employment with the Defendant prior to December, 2002, for discriminatory reasons. The Defendant had prior knowledge, based on Plaintiff's Fed. R. Civ. P. 26(a)(1) disclosures, that Mr. Curry was a potential witness for Mr. Inhan. The photographs, which were found in his desk, may have been intentionally withheld from Mr. Curry so that the Defendant could use them against him should he ever testify on behalf of Mr. Inhan. Defendant did in fact make use of the photographs at Mr. Curry's deposition, without previously disclosing their existence to the Plaintiff as requested in Plaintiff's First Set of Interrogatories and Request for Production, made more than ten (10) months prior to the deposition. Accordingly, the Plaintiff is entitled to information concerning when the Defendant became aware of the photographs, as they may have been illegally obtained from Mr. Curry and improperly withheld from the Plaintiff, thus subject to a Motion to Suppress.

## V.    Conclusion

For the foregoing reasons, the Plaintiff respectfully requests that the Court grant the Plaintiff' Motion to Compel and order the Defendant's to respond to Plaintiff's Second Set of Interrogatories, dated October 20, 2003, and to Plaintiff's Third Set of Interrogatories and Request for Production, dated October 23, 2003.

The Plaintiff,
Ricardo Inhan

By:

Eugene N. Axelrod (CT00309)
The Employment Law Group, LLC
8 Lunar Drive
Woodbridge, CT  06525
(203) 389-6526
(203) 389-2656

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent via postage pre-paid, first class mail to the following:

Louis M. Federici, Esq.
Angella M. Offredi, Esq.
Parrett, Porto, Parese & Colwell, PC
2319 Whitney Avenue, Suite 1D
Hamden, CT  06518

12/15/03
Date

Melissa Toddy,
Commissioner of the Superior Court

7

# Exhibit A



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICARDO INHAN | : | CIVIL ACTION NUMBER: |
| PLAINTIFF, | : | 3:02CV0213(GLG) |
| | : | |
| | : | |
| VS. | : | |
| | : | |
| NORTHEAST MARKETING | : | |
| GROUP, L.L.C., ET AL. | : | |
| DEFENDANTS | : | OCTOBER 28, 2003 |

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S SECOND SET OF**
**INTERROGATORIES DATED OCTOBER 20, 2003**

The Defendants, Northeast Marketing Group, LLC, Byron Brewer Sr., and Byron Brewer

Jr., hereby give notice that they have an objection to the following:

Interrogatory 1A:  Identify all persons in the employ of the Defendant, both full-time and

part-time, from June of 1999 through March of 2001.

OBJECTION:  Overly broad, unduly burdensome and not reasonably calculated to lead to

the discovery of admissible evidence.  Moreover, this interrogatory is designed solely to harass the

defendant.  Finally, the interrogatory violates employee confidentiality and privacy.

I:\Employment\NRTHEAST\Discovery\Obj-Interrogatories.doc



Interrogatory 1B: For each person identified in part A of Interrogatory 1, please include said person's last known address and telephone number, as well as e-mail address or fax number if available.

OBJECTION: Overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory is designed solely to harass the defendant. Finally, the interrogatory violates employee confidentiality and privacy.

THE DEFENDANTS,

BY: _____

LOUIS M. FEDERICI
Federal Bar No.: CT02374
Parrett, Porto, Parese & Colwell, P.C.
2319 Whitney Avenue, Suite 1D
Hamden, CT 06518
(203) 281-2700



## ORDER

The foregoing objections having been presented to and heard by the court, it is hereby ORDERED:

### GRANTED / DENIED.

BY THE COURT,

_____
United States District Judge

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid this ⟨⟩ day of October, 2003, to: Eugene Axelrod, Esq., 8 Lunar Drive, Woodbridge, CT 06525.

_____
Louis M. Federici

I:\Employment\NRTHEAST\Discovery\Obj-Interrogatories.doc

3

# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RICARDO INHAN                          :      CIVIL ACTION NUMBER:
      PLAINTIFF,                       :      302CV0213(GLG)
                                :

VS.                                    :

NORTHEAST MARKETING                    :
      GROUP, L.L.C.                    :      NOVEMBER 3, 2003

## PLAINTIFF RICARDO INHAN'S THIRD SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

Plaintiff, Ricardo Inhan, hereby requests pursuant to Rule 33 of the Federal Rules of Civil Procedure that Defendant, Northeast Marketing Group, LLC, et al, answer in writing, separately and under oath, the following Interrogatories, within (30) days of the service hereof, in accordance with said Rules.

## INSTRUCTIONS AND DEFINITIONS

In answering these interrogatories, furnish all information available to you including information in the possession of your attorneys, your investigators and all persons acting on your behalf. If you cannot answer the interrogatives in full after exercising due diligence to secure the information, so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

The interrogatories which follow are to be considered as continuing, and, you are requested to provide, by way of supplementary answers thereto, such additional information as you or any person acting on your behalf may hereafter obtain which will augment, clarify, or otherwise modify the answers now given to these interrogatories. Such supplementary responses are to be filed and served upon counsel for Plaintiff within (10) days after you know, or should know, of such information.

As used herein, the following terms shall have the meanings indicated below:

a.      "Defendant" or "you" refers to Northeast Marketing Group LLC et al, and any authorized agent(s), attorney(s), or person(s) acting on your behalf.

b.      "Person" means natural persons, corporations, partnerships, sole partnerships, union, associations, federations, or any other kind of entity.

c.      "Identify" means, with respect to a natural person, (1) his or her name; (2) his or her sex; (3) his or her last known home address and telephone number; (4) his or her job title; (5) his or her business address and telephone number;(6) the name and address of his or her employer; and (7) his or her relationship, if any, to Defendant.

## INTERROGATORY 1

Provide the date when you first became aware of the pictures found in Percy Curry's desk that were shown at his June 19, 2003 deposition.

### RESPONSE

Objection.  The Defendant objects as said request has no relevance as required by F.R.C.P. 26(b)(1).

### INTERROGATORY 2

Provide the date when you first became aware of the camera found in Percey Curry's desk that was produced at his June 19, 2003 deposition.

### RESPONSE

Objection.  The Defendant objects as said request has no relevance as required by F.R.C.P. 26(b)(1).  Without waving the same, no such camera was found in Mr. Curry's desk.

### INTERROGATORY 3

Provide the date you first looked through Percey Curry's desk or workstation.

### RESPONSE

Objection.  The Defendant objects as said request has no relevance as required by F.R.C.P. 26(b)(1).

### INTERROGATORY 4

Provide the date you notified Percey Curry of the existence of the pictures that were found in his desk or workstation.

**RESPONSE**

Objection.  The Defendant objects as said request has no relevance as required by F.R.C.P. 26(b)(1).  Without waving such objection, Percey Curry was notified of the existence of the pictures at the deposition on June 19, 2003.

**INTERROGATORY 5**

Provide the date you notified Percey Curry of the existence of the camera found in his desk or workstation.

**RESPONSE**

Objection.  The Defendant objects as said request has no relevance as required by F.R.C.P. 26(b)(1).  Without waving the same, no such camera was found in Mr. Curry's desk.

**INTERROGATORY 6**

Provide the date you first notified Defense counsel of the existence of the pictures and camera found in Percey Curry's desk or workstation.

**RESPONSE**

Objection.  The Defendant objects as said request has no relevance as required by F.R.C.P. 26(b)(1).  Without waving the same, no such camera was found in Mr. Curry's desk.

## PRODUCTION REQUEST

1.      Provide any internal notes, letters, memos, e-mails, correspondence, or other document wither written, oral, stenographic, mechanical, electrical or otherwise recorded that relate to the first time pictures and a camera were discovered in Percey Curry's desk prior to the information being turned over to the Defendant's attorney.

## RESPONSE

Objection.   The Defendant objects as said request has no relevance as required by F.R.C.P. 26(b)(1).  Said request is overly broad and unduly burdensome.

THE DEFENDANTS,
Northeast Marketing Group, LLC,

BY: _____
ANGELA M. OFFREDI
Federal Bar No.: CT23964
Parrett, Porto, Parese & Colwell, P.C.
2319 Whitney Avenue, Suite 1D
Hamden, CT 06518
(203) 281-2700

## ORDER

The foregoing objections having been presented to and heard by the court, it is hereby ORDERED:

**GRANTED** / **DENIED.**

BY THE COURT,

_____
United States District Judge

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid this 3rd day of November, 2003, to:

Eugene N. Axelrod, Esq.
The Employment Law Group, L.L.C.
8 Lunar Drive
Woodbridge, Connecticut 06525

_____
Angela M. Offredi
Commissioner of the Superior Court

1. Employment NRTHEAST-Discovery Objcted request.doc

8

# Exhibit C

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RICARDO INHAN                        :
                                     :      CIVIL ACTION NO.
        PLAINTIFF,                   :      3:02CV0213(GLG)
                                     :
v.                                   :
                                     :
                                     :
NORTHEAST MARKETING                  :
GROUP LLC,                           :      December 15, 2003
                                     :
        DEFENDANT.                   :

## CERTIFICATION RE:  PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S DISCOVERY COMPLIANCE

The undersigned, Melissa Toddy, an associate attorney of The Employment Law Group

LLC, counsel for Plaintiff, hereby certifies pursuant to Fed. R. Civ. P. 37 (a), that she has made a

good faith effort to resolve the disputes regarding the defendant's failure to comply with discovery.

Those issues have not been resolved.

1.  The undersigned sent, via facsimile, correspondence dated October 31, 2003, attempting

    to resolve the parties differences regarding Plaintiff's Second Set of Interrogatories,

    expressing a willingness to enter a protective order for confidential employee

    information, due to Defendant's concern for employee confidentiality and privacy.

2.  Attorney Louis M. Federici, counsel for Defendant, responded via facsimile on

    November 3, 2003, responding that Plaintiff's request was overly broad and harassing of

    the defendant and that there was no basis "to disclose the name, address, phone number

    and email addresses of all employees" who worked for Defendant during the course of

    the Plaintiff's employment.

3.  In an effort to re-tailor the request, the undersigned responded, via facsimile dated November 3, 2003, requesting that Defendant simply supply the name and Defendant's address for individuals still employed by Defendant, and the names and last known contact information for individuals no longer employed by Defendant.

4.  Attorney Federici responded via facsimile on November 5, 2003, maintaining that the request was over broad, inappropriate and unreasonable.

5.  The undersigned sent, via facsimile, written correspondence dated December 4, 2003, attempting to resolve the parties differences regarding Plaintiff's Third Set of Interrogatories.

6.  Attorney Angela M. Offredi, counsel for Defendant, responded via facsimile dated December 4, 2003, refusing to provide Plaintiff with the requested information, as it was "not relevant to *any* of the claims made by the Plaintiff."

7.  The above communications have not resulted in resolution of the issues.

Melissa Toddy

Subscribed and sworn this 15th day of December 2002.

Eugene N. Axelrod,
Commissioner of the Superior Court

2