FILED

Jan 5 10 26 AM '04

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICARDO INHAN | : | CIVIL ACTION NUMBER: |
| PLAINTIFF | : | 302CV0213(GLG) |
| | : | |
| VS. | : | |
| | : | |
| NORTHEAST MARKETING | : | |
| GROUP, L.L.C., DEFENDANT | : | DECEMBER 31, 2003 |

### DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION DATED DECEMBER 15, 2003

The Defendant, Northeast Marketing Group, LLC (hereinafter sometimes N.E. Marketing) submits this memorandum in opposition to the Plaintiff's Motion to Compel Production dated December 15, 2003. The motion filed by the Plaintiff is untimely and not supported by fact or law and therefore should be denied.

**I.  Preliminary Background**

The Plaintiff served the Defendant with a Second Set of Interrogatories, dated October 20, 2003 and with a Third Set of Interrogatories and Request for Production dated October 23, 2003. The Defendant objected to the Second Set of Interrogatories on October 28, 2003 and objected to the Third Set on November 3, 2003.

The Plaintiff had notice that the Defendant was not wavering in its objections prior to the deadline for discovery, however failed to file a motion to compel until

1

after the deadline passed. The Plaintiff ignored the discovery deadline of December 7, 2003, and is now attempting to obtain the information by the instant Motion to Compel. In what has become his customary manner in these proceedings, the Plaintiff has disregarded the deadlines set by the Court, instead opting to create his own timeline.

By her own admission, Attorney Toddy, whom has not filed an appearance in said action and is further NOT admitted to Federal Court, submitted a certification to the court that Attorney Federici responded to her on November 5, 2003 maintaining the objections. However, counsel for Plaintiff, aware of the discovery deadline, failed to contact Counsel for Defendant for four weeks, and when contact was made, it was just days before the close of discovery.

## II. Plaintiff's Motion to Compel should be denied.

The test for analyzing discovery disputes arising in the context of a motion to compel has been defined by the District Court as follows:

> "The district court enjoys broad discretion when resolving discovery disputes, which should be exercised by determining the relevance of discovery requests, assessing their oppressiveness, and weighing these factors in deciding whether discovery should be compelled." (internal quotation omitted) Yancey v. Hooten, Docket No. 3:97CV1400DJSTPS, United States District Court, District of Connecticut (May 5, 1998) (Smith, USMJ).

NE Marketing _properly_ and _validly_ objected to those interrogatories and production requests which it deemed irrelevant, overly broad, and unduly burdensome or redundant, and made in an effort to harass.

### A. Plaintiff's Second Set of Interrogatories dated October 28, 2003.

The Plaintiff argues that the information sought, the personal information of _every_ employee of NE Marketing from June 1999 through March 2001, is not overly broad or irrelevant. The Plaintiff further argues in its brief that Mr. Inhan, due to a language barrier, would not be able to obtain this information on his own. This argument is ludicrous given the fact that Mr. Inhan has been participating in the instant litigation for years without the need of an interpreter. Furthermore, as a computer programmer, Mr. Inhan has all the skill necessary to use the internet to obtain the requested information.

In addition, and most importantly, Mr. Inhan listed thirteen employees of NE Marketing whom he expects to call as witnesses in his answer to Defendants Initial Discovery Request. See the attached disclosure by Plaintiff marked as Exhibit "A". Certainly the fact that the Plaintiff already has the names of the employees at the Defendant Corporation supports the objection that the request was meant soley to harass.

The request for email addresses and fax numbers of each employee is further evidence of it being unduly burdensome. There is no reason the Plaintiff requires such additional contact information.

### A.   Plaintiff's Third Set of Interrogatories and Request for Production dated November 3, 2003.

During the deposition of Percy Curry, the Defendant produced photographs of different women found in Mr. Curry's desk at NE Marketing and instant message emails of a sexual nature printed off of Mr. Curry's work computer. These documents were used for impeachment of the witnesses credibility. These documents are in no way relevant to the Plaintiff's claims of Title VII violations, defamation, or breach of implied contract. The Plaintiff argues in his brief that Mr. Curry resigned due to discriminatory actions of the Defendant. This is a fictional allegation created by the Plaintiff. The fact remains that Mr. Curry has *never* filed any claim against the Defendant at the CCHRO or in State or Federal Court making any such accusation. In addition, Mr. Curry voluntarily left his employment with NE Marketing.

## VII.     Conclusion

The Defendant respectfully requests the Court deny the Plaintiffs Motion to Compel Production and sustain the objections made by Defendant.

THE DEFENDANT,

BY: _____
ANGELA M. OFFREDI, ESQ.
Federal Bar Number: CT 23964
Parrett, Porto, Parese & Colwell, P.C.
2319 Whitney Avenue, Suite 1D
Hamden, Connecticut 06518
Telephone Number: (203) 281-2700
Facsimile Number: (203) 281-0700

### CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid this 31ST day of December, 2003 to Eugene Axelrod, Esq., The Employment Law Group, 8 Lunar Drive, Woodbridge, Connecticut 06525.

_____
Angela M. Offredi
Commissioner of the District Court

5

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICARDO INHAN | : | CIVIL ACTION NO. |
| PLAINTIFF, | : | 3:02 CV 0213 (GLG) |
| | : | |
| v. | : | |
| | : | |
| NORTHEAST MARKETING | : | |
| GROUP LLC | : | December 2, 2002 |
| DEFENDANT. | : | |

## PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION

### INTERROGATORIES

1. Identify by name, address and phone number each person you believe has information that you were discriminatorily treated or retaliated against, or subjected to a hostile work environment, or defamed by the defendant and as to each person, set forth the subject matter of that person's testimony and each fact upon which that person will rely.

**ANSWER:**

**The Plaintiff objects to this interrogatory as it is over broad and unduly burdensome. The Plaintiff answers Interrogatory No. 1 without waiving said objection.**

**Percy Curry**
**200 Atrium Way, Apt. 2305**
**Colombia, SC 29223**
**(803) 462-0726**
**Mr. Curry has knowledge of the facts alleged in the Plaintiff's Federal Complaint.**

**Jeff Michaelson**
**26 8th Road**
**Marshield, MA 02324**
**(781) 837-1245**
**Mr. Michaelson has knowledge of the facts alleged in the Plaintiff's Federal Complaint.**

1

Patricia Luna
C/o Northeast Marketing Group LLC
8 Fairfield Blvd
Wallingford, CT
(203) 265-0012
Ms. Luna has knowledge of the facts alleged in the Plaintiff's Federal Complaint.


Richard Scavilla
151 Little Brook Dr.
Newington, CT 06111
(203) 265-0012
Mr. Scavilla has knowledge of the facts alleged in the Plaintiff's Federal Complaint.


Lee Ann Lionetti
C/o Northeast Marketing Group LLC
8 Fairfield Blvd
Wallingford, CT
(203) 265-0012
Ms. Lionetti has knowledge of the facts alleged in the Plaintiff's Federal Complaint.


Ann Marie Conlon
C/o Northeast Marketing Group LLC
8 Fairfield Blvd
Wallingford, CT
(203) 265-0012
Ms. Conlon has knowledge of the facts alleged in the Plaintiff's Federal Complaint.


Donna Papelo
C/o Northeast Marketing Group LLC
8 Fairfield Blvd
Wallingford, CT
(203) 265-0012
Ms. Papelo has knowledge of the facts alleged in the Plaintiff's Federal Complaint.


Donald Boulden
C/o Northeast Marketing Group LLC
8 Fairfield Blvd
Wallingford, CT
(203) 265-0012
Mr. Boulden has knowledge of the facts alleged in the Plaintiff's Federal Complaint.

Vincent Mooney
C/o Northeast Marketing Group LLC
8 Fairfield Blvd
Wallingford, CT
(203) 265-0012
Mr. Mooney has knowledge of the facts alleged in the Plaintiff's Federal Complaint.


Byron Brewer, Jr.
C/o Northeast Marketing Group LLC
8 Fairfield Blvd
Wallingford, CT
(203) 265-0012
Mr. Brewer, Jr. has knowledge of the facts alleged in the Plaintiff's Federal Complaint.


Byron Brewer, Sr.
C/o Northeast Marketing Group LLC
8 Fairfield Blvd
Wallingford, CT
(203) 265-0012
Mr. Brewer, Sr. has knowledge of the facts alleged in the Plaintiff's Federal Complaint.


Bill Ammon
(603) 382-9344 / (888) 921-8183
Mr. Ammon has knowledge of the facts alleged in the Plaintiff's Federal Complaint.


Debbie Hull
2550 South Glen Eagle Dr.
Deland, Florida 32724
(386) 734-4833


Tina (a former office secretary of the Defendant's, Plaintiff lacks knowledge of
Tina's last name, however, the Defendant should have it in its records)
Tina has knowledge of the facts alleged in the Plaintiff's Federal Complaint.

3