UNITED STATED DISTRICT COURT
DISTRICT OF CONNECTICUT

RICARDO INHAN,

    Plaintiff,

VS.

NORTHEAST MARKETING
GROUP, L.L.C.,

    Defendant.

CIVIL ACTION NO.
3:02CV0213 (GLG)

January 26, 2004

## PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO COMPEL DISCOVERY COMPLIANCE

The plaintiff, Ricardo Inhan, by and through the undersigned, hereby submits his Reply Brief in Further Support of his Motion to Compel Discovery Compliance, dated December 15, 2003.

**I.  Introduction**

In its Memorandum in Opposition to Plaintiff's Motion to Compel, the Defendant argues that the Plaintiff's motion is untimely, that Plaintiff's Second Interrogatories were designed solely to harass and annoy, and that the information requested in Plaintiff's Third Interrogatories has no relevance to this action.

As an initial matter, the Defendant argues that Attorney Toddy, whose certification was attached to the Motion to Compel, has not filed an appearance and is not admitted to federal court. Attorney Toddy is in fact admitted to federal court, as Attorney Offredi, counsel for Defendant clarified in a letter to Magistrate Garfinkel, dated January 9, 2004. (See Exhibit A.) Defendant's reference to the fact that Attorney Toddy has not filed an appearance in this matter, however, is irrelevant to this dispute. As an associate of the law firm representing the Plaintiff, Attorney Toddy

has been working with the undersigned in the present matter. Nothing bars an associate attorney who works with another attorney but has not filed an appearance from attempting to resolve discovery disputes, or from signing an affidavit.

## II.     Plaintiff's Motion to Compel should not be denied as untimely.

Defendant first argues that the Plaintiff's motion is untimely because it was filed after the close of discovery. The Defendant, however, fails to cite any rule or case law in support of its argument that the Plaintiff's motion should be denied on this basis. While the federal rules do not require a court to reopen discovery and overrule objections to interrogatories that were made prior to the close of discovery, likewise the rules to not prohibit the court from doing so. In the present case, the Defendant objected to the interrogatories on October 28, 2003 and on November 3, 2003. Counsel for the parties then exchanged several letters regarding the disputes, and when it became clear that future efforts on the part of the Plaintiff were futile, the Plaintiff drafted its motion to compel. While courts have denied motions to compel filed after the close of discovery, it has done so only when the motions were made several months after objections were made. Capozzi v. Gale Group, Inc., 2002 U.S. Dist. LEXIS 17096 (D. Conn. 2002) (motion to compel denied because it was filed ten months after Defendant's objections and after three discovery deadlines); Wells v. Sears Roebuck & Co., 203 F.R.D. 240 (S.D. Miss. 2001)(motion to compel denied where Plaintiff filed motion five months after serving interrogatories); Koerts v. MCI Telcoms. Corp., 1996 U.S. Dist. LEXIS 7866 (N.D. Ill. 1996)(motion to compel denied because filed ten months after serving interrogatories). In the present case, Plaintiff's motion to compel was filed a mere eight (8) days after the close of discovery, and only six (6) weeks after the Defendant's objections to the interrogatories. As such, Plaintiff's motion to compel should not be denied.

### III. Plaintiff's Second Set of Interrogatories requests valid discoverable information.

The Defendant argues that the Plaintiff's requests are overly broad and not reasonably calculated to lead to admissible information.

Defendant argues that the Plaintiff's assertion that he has had difficulty recalling the names of certain employees because his native language is not English was "ludicrous" because he had never required an interpreter, and that, because he was a computer programmer, he could have used the internet to find the requested information for himself. With respect to the Defendant's first argument, the Plaintiff has never alleged that he is not able to speak English, only that it is not his native language. Because Portuguese is the Plaintiff's native language, he lacks familiarity with American surnames, and has had difficulty remembering the names of several employees who he believes have relevant information and he may wish to call them as witnesses at trial. With respect to the Defendant's argument that the Plaintiff could have obtained the information on the internet, while it is true that one may use the internet to obtain addresses of individuals, such information is not obtainable without first having an individuals *name*. Additionally, only information for those individuals with *listed telephone numbers* may be obtained by the use of an internet search engine. Furthermore, it is also necessary to first have an individual's state of residence in order to find information for those with listed telephone number, and over the course of the last five (5) years, the individuals for which such information is sought may have moved to a different state.

The Defendant also argues that the Plaintiff's request is overbroad and solely intended to harass and annoy, as evidenced by Plaintiff's request for the address, telephone number, email address and fax number of each employee. Following the Defendant's objections to Plaintiff's requests, however, the information sought was re-tailored in order to seek the last known address of employees no longer employed by the Defendant, and the employer's address as contact

3

information for those individuals still employed. Despite Plaintiff's efforts to re-tailor his requests in a manner that Defendant finds more suitable, Defendant has flatly refused to provide the Plaintiff with any of the information requested by his Second Request for Interrogatories.

## IV.     Plaintiff has valid reason for Plaintiff's Third Set of Interrogatories.

Defendant argues that photographs used to question Percy Curry at his deposition were used for impeachment and have no relevance to the Plaintiff's claims, and that Defendant therefore does not have to respond to Plaintiff's questions regarding how Defendant secured came to possess them. Plaintiff, however, has reason to believe that the photographs were improperly, perhaps even illegally obtained. Evidence obtained by unfair or improper means, even if used solely for impeachment may be barred from use at trial.

As Plaintiff explained in his Motion to Compel, by way of Plaintiff's initial disclosures, dated August 21, 2001, Defendant was informed that Percy Curry was a potential witness for the Plaintiff. As he was the only other minority employed by Defendant, it would be reasonable to assume that Mr. Curry would be a key witness for the Plaintiff. Plaintiff has reason to believe that at some point after it made its initial disclosures, and before Percy Curry's departure from employment, Defendant improperly obtained the photographs from Mr. Curry's desk, and that the Defendant improperly withheld the photographs from Mr. Curry after his departure from Defendant, with the intent to utilize them in the present action.

Defendant, in its opposition, relies on statements such as "Mr. Curry has never filed any claim against the Defendant," and ignores the essence of Plaintiff's argument, which is that the photographs were improperly obtained, and should therefore be excluded from Percy Curry's deposition, and from use at trial. Accordingly, the Plaintiff is entitled to information regarding when and how the Defendant obtained the photographs used at the deposition of Percy Curry.

4

## V. Conclusion

For the foregoing reasons, the Plaintiff respectfully requests that the Court grant the Plaintiff's Motion to Compel and order the Defendant's to respond to Plaintiff's Second Set of Interrogatories and to Plaintiff's Third Set of Interrogatories and Request for Production.

        Respectfully submitted,

        The Plaintiff
        Ricardo Inhan

        By _____
        Eugene N. Axelrod, Esq.
        The Employment Law Group
        8 Lunar Drive
        Woodbridge, CT 06525
        Federal Bar No. CT00309
        (203) 389-6526

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed this date via first class mail to the following:

Angela M. Offredi, Esq.
Louis M. Federici, Esq.
Parrett, Porto, Parese & Colwell, P.C.
2319 Whitney Avenue
Suite 1D
Hamden, CT 06518

1/26/04
Date

        _____
        Eugene N. Axelrod