UNITED STATED DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

RICARDO INHAN,                          :     CIVIL ACTION NO:
                                        :     3:02CV0213 (GLG)
                Plaintiff,              :
                                        :
VS.                                     :
                                        :
NORTHEAST MARKETING                     :
GROUP, L.L.C.,                          :
                                        :
                Defendant.              :     February 6, 2004

## PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME, DATED FEBRUARY 4, 2004

Plaintiff, Ricardo Inhan, respectfully requests that the Court DENY Defendant's Motion for Enlargement of Time to Respond to Plaintiff's Reply Brief, dated February 4, 2004.

### I.    Procedural Background

1. The Plaintiff commenced this action on February 5, 2002 alleging violations of Title VII of the Civil Rights Act of 1964.

2. Plaintiff filed a Motion to Compel Discovery Compliance on or about December 15, 2003.

3. Defendant filed a Memorandum in Opposition to Plaintiff's Motion to Compel on or about December 31, 2003.

4. Plaintiff filed a Reply Brief in further support of the Motion to Compel on or about January 26, 2004.

5. Defendant filed the present Motion for Enlargement of time in which to file a surreply to Plaintiff's Reply Brief on or about February 4, 2004.

## II.    A Surreply is Improper

There is no provision in either the Federal Rules of Civil Procedure nor the Local Rules of this Court which allows for the filing of a Surreply Brief. Under Local Rule 7, parties are permitted to file a dispositive motion, a response to the motion, and a reply by the movant. The rule does not permit a surreply.

Even in districts in which local rules do allow the non-moving party to file a Surreply Brief, this is only permitted in limited circumstances that are not present here. For example, S. D. Ind. L. R. 56.1 (d) provides that "[i]f, in reply, the moving party relies upon evidence not previously cited or objects to the admissibility of the non-moving party's evidence, the non-moving party may file a surreply brief limited to such new evidence and objections. . . ."

The non-moving party should not be permitted to file a surreply unless the moving party has introduced new facts or arguments in its reply brief. See Allender v. Heusman, Docket No. (S.D. Ind. 2003) (striking surreply because party merely "made various factual assertions in their reply brief that were not made in their initial brief . . . [they] did not offer additional evidence. And, the Defendants did not object to any evidence offered by the Plaintiffs in response to the . . . motion"); See In Re Cutter & Buck, Inc. Securities Litigation, Docket No. CO2-1948L (W.D. Wash. 2003) ("Unless a completely new issue, as opposed to a rebuttal of defendant's argument, is raised for the first time in reply, surreplies will not be considered."). See also Michaud v. Duncan, 244 F. Supp.2d 1217 (D. Kan. 2003). "An answer to a reply constitutes a surreply, which the court will not consider. The local rules do not contemplate the filing of surreplies. D.Kan.R. 7.1. The courts in this district do not permit a surreply without leave of the court." Stevens v. United States, No. 00-3258-JTM, 2002 WL 1156027, at *1 (D. Kan. May 20, 2002). See also Patterson v. Lansing, No. 99-3250-JTM, 2001 WL 946181 (D. Kan. Aug. 10, 2001) (granting motion to strike surreply filed

without either prior request by movant or permission from the court); <u>IMC Chemicals, Inc. v. Niro, Inc.</u>, 95 F. Supp. 2d 1198, 1214 (D. Kan. 2000) (refusing request to file surreply, noting those pleadings "are disfavored, and there are no exceptional circumstances compelling the filing of such a pleading in this matter").

In the present case, the Plaintiff's argument was limited to evidence that it had introduced in its original Motion to Compel and to that introduced by the Defendant's Response. Additionally, there is no reason for the Defendant to file a Surreply, other than to further refuse to cooperate in discovery, continue to waste the Plaintiff's time and to avoid the issue that prompted the Plaintiff to submit its Motion to Compel. Counsel for Defendant, as well as counsel for Plaintiff is aware of the Rules of this Court, which do not permit a Surreply under the facts in this case. Defendant's proposed Surreply therefore constitutes an abuse of the Federal Rules of Civil Procedure, imposes an unnecessary burden upon the administration of this case by the Court and hinders the determination of the Plaintiff's Motion to Compel on the merits.

The substantive progress of moving forward on this case has been severely impaired by the Defendant's continuous denial of discovery requests, and the Defendant now continues to waste the Court's and the Plaintiff's time by filing frivolous and unnecessary responses.

Accordingly, because it is improper for the Defendant to file a Surreply, and the Plaintiff respectfully requests that the Court DENY the Defendant's Motion for Enlargement of Time.

Respectfully submitted,
The Plaintiff
Ricardo Inhan

By _____
Eugene N. Axelrod, Esq.
The Employment Law Group
8 Lunar Drive

3

Woodbridge, CT 06525
Federal Bar No. CT00309
(203) 389-6526
(203) 389-2656

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid this 6th day of February, 2004 to:

Angela M. Offredi, Esq.
Louis M. Federici, Esq.
Parrett, Porto, Parese & Colwell, P.C.
2319 Whitney Avenue
Suite 1D
Hamden, CT  06518

_____
Eugene N. Axelrod

4