UNITED STATED DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICARDO INHAN, | : | CIVIL ACTION NO: |
| | : | 3:02CV0213 (GLG) |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| NORTHEAST MARKETING | : | |
| GROUP, L.L.C., | : | |
| | : | |
| Defendant. | : | April 8, 2004 |

**PLAINTIFF'S MEMORANDUM IN OPPPOSITION TO DEFENDANTS MOTION TO COMPEL DATED FEBRUARY 20, 2004**

The Plaintiff, Ricardo Inhan, submits this memorandum in opposition to the Defendant's Motion to Compel dated February 20, 2004.

**I. Preliminary Background**

Defendant served the Plaintiff with Seven (7) Requests for Admissions, dated February 20, 2004. Plaintiff filed objections to Defendant's requests on December 30, 2003. On or about February 20, 2004, Defendant filed a Motion to Compel to which Plaintiff now objects.

**II. Defendant's Motion to Compel should be denied.**

The test for analyzing discovery disputes arising in the context of a motion to compel has been defined by the District Court as follows:

> "The district court enjoys broad discretion when resolving discovery disputes, which should be exercised by determining the relevance of discovery requests, assessing their oppressiveness, and weighing these factors in deciding whether discovery should be compelled." (internal quotation omitted) Yancey v. Hooten, Docket No. 3:97CV1400DJSTPS, United States District Court, District of Connecticut (May 5, 1998) (Smith, USMF).

Defendant's Requests for Admissions for which Defendant moves the Court to order the Plaintiff to admit or deny are improper, inflammatory and designed to annoy or harass the

PDF created with pdfFactory trial version www.pdffactory.com

Plaintiff. The Plaintiff's objections to the Defendant's highly improper and inflammatory requests was proper and valid. Accordingly, the Court must DENY Defendant's Motion to Compel.

### A.  **Defendant's requests are designed solely to harass and annoy the Plaintiff.**

In its Motion to Compel, Defendant asserts that the Plaintiff's objections are "baseless" and that its requests are "narrowly tailored to issues of the Plaintiff's prior characterization of his ethnicity, his employment at the Defendant corporation, and his credibility."

Defendant's requests, however, contain highly inflammatory statements such as "Ricardo Inhan declares himself as Caucasian on his Government Tax Return Forms," "Ricardo Inhan and Percy Curry conspired to divide any settlement or award granted for the pending action," and "Ricard Inhan entered the United States illegally." While the Defendant, in its Motion to Compel asserts that its requests are valid and request essential information, not only are Defendant's requests highly improper, but they seek information that is not properly sought pursuant to Fed. R. Civ. P. Rule 36.

### B.  **Defendant's requests are an attempt to side-step the Court's prior Order requiring that the Defendant pay all costs and attorneys fees associated with the continued deposition of Ricardo Inhan.**

*Assuming arguendo* that the information requested by Defendant were sought in good faith, the proper forum for such requests would be in the continued deposition of Ricardo Inhan, rather than last-minute requests for admissions.

Four days prior to the close of discovery and thus on the eve of trial, the Defendant has propounded seven requests for admission which could have been asked of Ricardo Inhan and/or other witnesses at deposition.

2

PDF created with pdfFactory trial version www.pdffactory.com

**C.     Defendant had ample opportunity to inquire about information requested in its Requests for Admissions, propounded four (4) days prior to the close of discovery.**

Defendant asserts that many of its requests seek information designed to impeach the Plaintiff at trial. However, as Defendant deposed the Plaintiff and his primary witness for approximately six (6) hours each, and later declined to complete the two hours of Plaintiff's deposition, Defendant clearly has had ample opportunity to request information sought through its Requests for Admissions, which was improperly propounded only four (4) days prior to the close of discovery.

Because the Defendant has had ample opportunity to request information sought through its Requests for Admissions, the Court must deny Defendant's Motion to Compel. See 6-26 Moore's Federal Practice – Civil § 26.60.

On April 24, 2003, the Defendant deposed Ricardo Inhan for approximately six hours. The Defendant was scheduled to conduct the remaining two hours and five minutes of the deposition on June 20, 2003 at 9:30 a.m. The Plaintiff's deposition of his primary witness, Percy Curry, was scheduled for the day before, on June 19, 2004, so that the Ricardo Inhan, a resident of Florida, would only have to travel to Connecticut one time.

On June 19, 2004, the Plaintiff deposed Percy Curry, after which the Defendant insisted on cross-examining Mr. Curry for approximately six (6) hours and thirty (30) minutes, thus necessitating the extension of the deposition past one o'clock a.m. The next morning, June 20, 2003, after deposing Mr. Inhan for approximately ten (10) minutes, Attorney Federici ended the deposition and demanded that the Plaintiff and his counsel leave.

When Defendant attempted to re-notice Ricardo Inhan for the completion of his deposition, Plaintiff filed a Motion for Protective Order barring the continued deposition of the Plaintiff, requesting, in the alternative, that the Court order Defendant to pay all costs and attorneys fess

3

PDF created with pdfFactory trial version www.pdffactory.com

associated with its continued deposition. The Court, Magistrate Garfinkel, granted Plaintiff's motion on September 23, 2003, stating in part as follows:

> "If the defendant wishes to resume plaintiff's deposition, it must pay plaintiff's travel expenses related to the next deposition session, any income lost by plaintiff because of time devoted to continuing the deposition, plaintiff's counsel's fees connected with the continued deposition, and reporter's and transcript fees for the continued deposition. Without meeting these conditions, the defendant may not resume plaintiff's deposition."

"A court must limit the frequency or extent of use of the discovery methods otherwise permitted under the Federal Rules of Civil Procedure and by any local rule *if the party seeking discovery has already had ample opportunity through discovery in the action to obtain the information sought.*" (emphasis added) See 6-26 Moore's Federal Practice – Civil § 26.60.

### D.    Information sought through Defendant's requests not properly sought pursuant to Fed. R. Civ. P. Rule 36.

Requests for admission as to a central fact in dispute is beyond the proper scope of normal discovery. See Whitaker v. Belt Concepts of Am., 189 B.R. 846, 853 (M.D. Fl. 1995), citing Pickens v. Equitable Life Assurance Society, 413 F.2d 1390 (5th Cir. 1969). Additionally, a party "is not entitled to force the defendants to admit or deny the party's carefully phrased statements on the crucial issues in the cases." Whitaker at 853, quoting Minnesota Mining & Manufacturing Co. v. Norton Co., 36 F.R.D. 1, 3 (N.D. Ohio 1964).

"While the basic purpose of discovery is to elicit facts and information and to obtain production of documents, Rule 36 was not designed for this purpose. Instead, requests for admission are used to establish admission of facts about which there is no real dispute." (From Moores FP) See T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc., 174 F.R.D. 38, 42 (S.D.N.Y. 1997) (Rule 36 is not discovery device, but rather is used to reduce costs of litigation by eliminating need to prove facts not in substantial dispute). See also O'Neill v.

4

PDF created with pdfFactory trial version www.pdffactory.com

Medad, 166 F.R.D. 19, 21 (E.D. Mich. 1996) (requests for admission are not discovery devices because proceeding party already knows fact and merely seeks authentication).

"Because Rule 36 was not designed to elicit information, to obtain discovery of the existence of facts, or obtain production of documents, requests for admission should not be used as a method of discovery for those purposes. That is to say, resorting to requests for admission should not be considered a substitute for other discovery tools, if other tools are necessary to elicit facts, establish information, or to obtain documents." 7-36 Moore's Federal Practice – Civil § 36.02.

E.  **Each of Defendant's Requests is Improper**

   1.  **Defendant's First and Second Requests for Admission are Improper**

Defendant's first and second requests for admission are as follows: "Ricardo Inhan drafted the affidavit of Percy Curry dated June 18, 2001" and "Ricardo Inhan drafted the affidavit of Percy Curry dated March 28, 2001."

Defendant argues that the objection that these requests are designed to harass and annoy the Plaintiff is "simply wrong" because the requests are proper as they go "directly to the veracity of Mr. Curry's testimony and Mr. Inhan's credibility." See Defendant's Memorandum in Support of Motion to Compel, p.2. See 6-26 Moore's Federal Practice – Civil § 26.60.

The Court must deny Defendant's Motion to Compel with respect to these requests, an it clearly had ample opportunity to request such information prior to its Requests for Admission, filed four (4) days prior to the close of discovery. See 6-26 Moore's Federal Practice – Civil § 26.60. While Defendant claims that the answers to these requests is essential, not once during the six (6) hours of questioning at the respective depositions of Percy Curry or Ricardo Inhan did counsel for Defendant ask this question. Both affidavits in question were submitted in this action

5

PDF created with pdfFactory trial version www.pdffactory.com

well over three (3) years prior to Defendant's Requests for Admissions, it is clearly for the purpose of harassing and annoying the Plaintiff.  Additionally, Rule 36 was not designed to gather information for impeachment of witnesses, but rather "to establish admission of facts about which there is no real dispute."  7-36 Moore's Federal Practice – Civil § 36.02.  Accordingly, Defendant's request is improper, and the Court must deny Defendant's Motion to Compel with respect to Defendant's first and second Requests for Admission.

  2. **Defendant's Second Request is Improper**

Defendant's third request states that "Ricardo Inhan solicited job recommendations prior to his departure from the Defendant Corporation.

Again, the Defendant had six (6) hours in which to depose Mr. Inhan but did not ask this question, nor did Defendant request this information in its Interrogatories and Requests for Production.  The good faith conversation between Attorney Toddy, an associate at Plaintiff's law firm, and Attorney Offredi revealed that that Defendant had knowledge that such recommendations may exist as early as the time when this action was before the Connecticut Commission on Human Rights and Opportunities, well over three (3) years prior to Defendant's admission request.  Clearly, the Defendant had ample opportunity to request this information, and because it has abused the discovery process by waiting until four (4) days prior to the close of discovery to do so, the Court must deny the motion to compel with respect to Defendant's third request.  Defendant refuses to conduct proper discovery by way of continued oral deposition.

6

PDF created with pdfFactory trial version www.pdffactory.com

### 3. **Defendant's Fourth Request is Improper**

Defendant states that "Ricardo Inhan has not participated in any type of mental health counseling with a licensed professional during the time period he was employed by the Defendant or at anytime thereafter" in request four of its Requests for Admissions.

As Plaintiff stated in his objection, this information was provided to the Defendant in its Responses to Defendant's Interrogatories, submitted December 2, 2002, in which Defendant requested that Plaintiff "[i]dentify by name, address and telephone number each health care provider, including each and every psychiatrist, psychologist, therapist, social worker or other professional from whom you received professional services from March 15, 2001 to the present . . . ." Defendant received this information from Plaintiff more than a year prior to submitted its Requests for Admissions, and, as such, this request is clearly intended to harass and annoy the Plaintiff.

### 4. **Defendant's Fifth Request is Improper**

Defendant's claims that its fifth request, "Ricardo Inhan and Percy Curry conspired to divide any settlement or award granted for the pending action," is proper because it is "designed to learn the truth of whether Mr. Inhan and Mr. Curry have formulated any type of plan to divide any award from the action." See Defendant's Memorandum, p. 5.

Defendant's request is improper because the purpose of a Request for Admissions submitted pursuant to Rule 36 is "to establish admission of facts about which there is no real dispute." 7-36 Moore's Federal Practice – Civil § 36.02. Furthermore, Defendant's Motion to Compel should be denied with respect to this request, as counsel for Defendant completed six (6) hours of cross-examination at the deposition of Percy Curry, and did not request this information. Additionally, the Defendant did not ask this question of the Plaintiff during his six (6) hours of

7

PDF created with pdfFactory trial version www.pdffactory.com

deposition and has failed to pursue its avenue of continued oral discovery.  Even if Defendant acquired information that necessitated this new inquiry subsequent to both of these depositions, it could have asked Mr. Inhan at his continued deposition, but instead chose to abandon the opportunity to complete the Plaintiff's deposition.

   5. **Defendant's Sixth Request is Improper**

Defendant's next states that "Ricardo Inhan declares himself as Caucasian on his Government Tax Return Forms."  Defendant claims that because "[t]he Plaintiff has put his ethnicity at issue by filing his complaint . . . [t]he request is, in fact, relevant as it goes to the Plaintiff's prior characterizations of himself."

As discussed above, the purpose of requests for admissions propounded pursuant to Federal Rule 36 is "to establish admission of facts about which there is no real dispute."  (From Moores FP)  See T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc., 174 F.R.D. 38, 42 (S.D.N.Y. 1997).  Additionally, requests for admission as to a central fact in dispute is beyond the proper scope of normal discovery.  See Whitaker v. Belt Concepts of Am., 189 B.R. 846, 853 (M.D. Fl. 1995), citing Pickens v. Equitable Life Assurance Society, 413 F.2d 1390 (5th Cir. 1969).  A party "is not entitled to force the defendants to admit or deny the party's carefully phrased statements on the crucial issues in the cases." Whitaker at 853, quoting Minnesota Mining & Manufacturing Co. v. Norton Co., 36 F.R.D. 1, 3 (N.D. Ohio 1964).

While counsel for the Plaintiff is unaware of any item on "Government Tax Return Forms" that requests an individual's ethnicity, it appears that Defendant, by its request, attempts to establish that the Plaintiff actually perceives himself as Caucasian, rather than Hispanic and Brazilian, as alleged in his Complaint.  Clearly, as the Plaintiff's central claim in the present case is that he was discriminated against on the basis of his race and national origin in violation of

8

PDF created with pdfFactory trial version www.pdffactory.com

Title VII of the Civil Rights Act of 1964, the question of his race or ethnicity is a "crucial issue" in the case, and not a fact "about which there is no real dispute". Accordingly, Defendant's sixth request is wholly inappropriate for the purposes of Rule 36.

**6. Defendant's Seventh Request is Improper**

Defendant's seventh and final request that "Ricardo Inhan entered the United States illegally" is an entirely improper question in a request for admissions.

Defendant claims that it's request is proper as it is "narrowly tailored and entirely relevant as it goes to the credibility and veracity of Mr. Inhan." Rule 36 was not designed to gather information for impeachment of witnesses, but rather to establish the admission of facts about which there is no real dispute. See 7-36 Moore's Federal Practice – Civil § 36.02. Additionally, Defendant again failed to ask this question at deposition. If the purpose of the request is to seek information designed to impeach the Plaintiff, the more appropriate forum for such a request is through questioning at continued deposition or at trial, where the Plaintiff's response can be followed up by further questions, and the fact-finder can monitor the witnesses' body language and facial expressions. The Defendant neglected to ask this question in its six (6) hours of deposition, and chose not to complete the second portion of the Plaitniff's deposition. Accordingly, the Defendant has had ample time to seek this information, and the Court must deny its Motion to Compel with respect to the seventh request.

**F.    Conclusion**

Each of Defendant's Requests for Admission, submitted only four (4) days prior to the close of discovery are improper, inflammatory, designed to harass and annoy the Plaintiff and finally because the Defendant previously had ample opportunity to request the information, but neglected to do so. Additionally, much of the information requested is designed to impeach

9

PDF created with pdfFactory trial version www.pdffactory.com

witnesses at trial, a purpose for which Rule 36 was not designed.  Accordingly, the Plaintiff respectfully requests that the Court deny the Defendant's Motion to Compel, and sustain his objections to each of the Defendant's Requests for Admissions.

                      The Plaintiff
                      Ricardo Inhan

                      By _____
                      Eugene N. Axelrod, Esq. (ct00309)
                      The Employment Law Group
                      8 Lunar Drive
                      Woodbridge, CT  06525
                      (203) 389-6526
                      (203) 389-2656

### CERTIFICATION

       This is to certify that a copy of the foregoing was mailed this ___ of April, 2004, via first class mail to the following counsel of record:

Louis M. Federici, Esq.
Michael S. Wrona, Esq.
Parrett, Porto, Parese & Colwell, P.C.
2319 Whitney Avenue
Suite 1D
Hamden, CT  06518

                      _____
                      Eugene N. Axelrod

PDF created with pdfFactory trial version www.pdffactory.com