UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICARDO INHAN, | : | CIVIL ACTION NUMBER: |
| PLAINTIFF | : | 302CV0213(GLG) |
| | : | |
| | : | |
| VS. | : | |
| | : | |
| NORTHEAST MARKETING | : | |
| GROUP, L.L.C., ET AL., | : | |
| DEFENDANTS | : | APRIL 22, 2004 |

## REPLY TO THE PLAINTIFF'S OPPOSITION TO
## THE DEFENDANT'S MOTION TO COMPEL

### I.    Preliminary Background

On December 2, 2003, the defendant served on the plaintiff seven narrowly tailored and relevant Requests for Admissions. By way of response dated December 30, 2004, the plaintiff objected to every request for admission. The defendant filed a Motion to Compel dated February 20, 2004, to which the plaintiff filed an Opposition dated April 8, 2004. It is to this Opposition that the defendant now files this Reply.

### II.    Fed.R.Civ.P. 36

Federal Rule of Civil Procedure 36 allows a party to serve upon the other party, for the pending action only, requests for admission, "that relate to statements or opinions of fact or of the application of law to fact …" "An important purpose of the rule is to reduce costs of

litigation by narrowing the scope of disputed issues, facilitating the succinct presentation of cases to the trier of fact and eliminating the necessity of proving undisputed facts." <u>Leland v. Prime Motor Inns, Inc.</u>, 1990 WL 128637 (D.Conn.) (citations omitted.)

Requests for admission, "should be stated singly, so that the party called upon to make answers need not write an essay in reply." <u>Thalheim v. Eberhaim</u>, 124 F.R.D. 34, 35 (1988), citing, 4A J. Moore, Federal Practice 36.05[2] at 51 (1987). Rule 36 was amended in 1970 to expressly require a party to make "reasonable inquiry" to secure readily obtainable information. <u>Id</u>. at 37. Federal Rule of Civil Procedure 1 requires that every rule be interpreted to "secure the just, speedy, and inexpensive determination of every action."

While depositions are sometimes necessary, they are much more costly and time consuming than Requests for Admissions. <u>Leland v. Prime Motors Inns, Inc.</u>, supra, at 3. Therefore, while a party might have obtained the requested information at a deposition, requests for admission are permissible as such inquiries are consistent with, "the spirit and policy of the Federal Rules." <u>Id</u>.

## III.    The Defendant's Requests for Admission are Proper

The plaintiff in his Opposition raises essentially three arguments with regard to the Request for Admission, all of which will be addressed in the order they are presented in the defendant's Opposition. It is interesting to note, however, that the plaintiff objected to the first

three Requests initially by claiming they were "overly broad and vague." At no point in his Opposition does the plaintiff address this basis for his objections.

In his Opposition filed April 12, the plaintiff's first argument is that the requests generally are intended to harass and annoy and are inflammatory. What the plaintiff neglect to mention is there are only seven Requests, which could be responded to in fairly quick fashion as the requests only require a denial or admission. Moreover, each request goes directly to a potential issue in the plaintiff's case, or may establish a basis to challenge plaintiff's credibility. The mere fact that plaintiff is concerned about being forced to answer such questions does not begin to suggest that the questions are interposed simply to harass or annoy the plaintiff. In addition, the plaintiff fails to state how he can truly be "annoyed" or "harassed" when the defendant's discovery request is all of two pages. In fact, the plaintiff has expended much more time and effort objecting to the Requests and the Motion to Compel than if the defendant had simply admitted or denied the Requests.

The plaintiff's characterization of the Requests as inflammatory is hypocritical. The plaintiff has clearly put his ethnicity at issue in the present lawsuit but now seeks to categorize Requests based on that ethnicity as "highly inflammatory". Therefore, the plaintiff's categorization of himself on a signed sworn tax return is important and a proper area of discovery. Moreover, the legality of Mr. Inhan's entry to the United States is directly relevant

to the plaintiff's credibility. This is particularly true where, as here, defendant's status as an immigrant is one of the issues the plaintiff relies upon to formulate a portion of his calculation of damages.

The plaintiff's next argument in his Opposition is because the defendant could have taken additional testimony by virtue of a deposition, the defendant cannot file Requests for Admission. The plaintiff goes on to argue "that the defendant deposed the plaintiff and its primary witness for approximately six hours each." Such a statement ignores several fundamental facts. First, plaintiff's counsel fails to disclose that either the plaintiff or his attorney, or both, were late and in some cases extremely late to the beginning of each session of plaintiff's deposition and most significantly the deposition of Percy Curry, one of the plaintiff's witnesses. This is significant due to plaintiff's suggestion that the defendant questioned Mr. Curry until late into the night. Plaintiff's recitation of the deposition of Mr. Curry ignores the fact that the plaintiff deposed Percy Curry for over eight hours and did not provide an opportunity for the defendant to commence deposition of Mr. Curry until well into the evening hours. At the conclusion of defendant's cross examination, plaintiff resumed questioning of Mr. Curry in many cases simply repeating earlier testimony over repeated objections by the plaintiff.

In addition, at the <u>plaintiff's deposition</u>, the plaintiff, along with the complicity if not direction of plaintiff's counsel, was belligerent, uncooperative and created delay at every opportunity.  Virtually the remainder of defendant's recitation of facts is redundant of earlier statements, largely irrelevant, inaccurate or all three.  As a result any further deposing of the plaintiff would have proved worthless.

To the extent that Magistrate Garfinkel restricted the conditions under which the plaintiff's deposition could continue there is certainly no indication that any other form of discovery otherwise available to the defendant was in any way restricted.  Lastly, while the defendant accurately states that the Requests for Admissions were proposed prior to the close of discovery, his statement that the Requests were filed on the eve of trial is clearly misleading.

Simply stated, there is no Federal Rule, Local Rule or case law cited by the plaintiff, or located by the defendant, that supports his argument that because the defendant could have deposed the plaintiff he is foreclosed from filing Requests for Admission.  In fact, the LeLand court, expressly stated such an argument is contrary to the intent and purpose of the Federal Rules.  Therefore, defendant's categorization of the requests for admissions as an effort to "sidestep" continued deposition is entirely misplaced.

The plaintiff's last argument appears to be that Federal Rule of Civil Procedure 36 does not allow the information sought either because the information sought is generally not allowed

or because the information sought relates to potential cross-examination of the plaintiff. With regard to the plaintiff's argument regarding cross-examination, the plaintiff fails to cite any Federal Rule, Local Rule or case law to support that particular argument.

In an attempt to argue that Fed.R.Civ. P. 36 does not allow the information sought by the defendant, the plaintiff cites to several cases. The plaintiff's reliance on T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc., 174 F.R.D. 38 (1997) for the idea that Federal Rule of Civil Procedure 36 does not allow admissions regarding the information sought is misplaced. In that instance the court ruled that a party could object to admissions relating to information regarding non-parties on the basis that to answer them would be to exceed the "reasonable inquiry" provision of Rule 36. Id. at 44. This is not the issue in this case as the defendant seeks information of the plaintiff himself not a non-party.

The plaintiff also cites to Whitaker Concepts v. Belt Concepts of America, Inc., 189 B.R. 846 (1995). In that case, the Florida Bankruptcy Court stated that while other courts have held differently, it decided to hold that admissions on "ultimate facts" are improper. Id. at 853. Even assuming the defendant is currently seeking admissions to "ultimate facts", neither the United States Supreme Court nor any Second Circuit Court has cited that case for its holdings on Requests for Admission. Therefore, the plaintiff has failed to cite to any relevant or binding

authority with respect to his argument that such Requests for Admission are not allowed by Rule 36.

Even a brief review of the questions reveals that the requests at issue do not go to the ultimate question of liability or any element of damages.[1]  None of the Requests relate to whether the plaintiff was discriminated against or the damages that should be awarded should the plaintiff be able to prove any of the causes of action set forth in his Third Amended Complaint.

**IV.     Conclusion**

For all of the foregoing reasons the defendant respectfully requests that the defendant's Motion to Compel be granted and the plaintiff be ordered to respond to the Requests for Admission.

---

[1] The seven Requests are as follows: (1) Ricardo Inhan drafted the affidavit of Percy Curry dated June 18, 2001. see attached; (2) Ricardo Inhan drafted the affidavit of Percy Curry dated March 28, 2001. See attached.; (3) Ricardo Inhan solicited job recommendations prior to his departure from the Defendant Corporation; (4) Ricardo Inhan has not participated in any type of mental health counseling with a licensed professional during the time period he was employed by the Defendant or at anytime thereafter; (5) Ricardo Inhan and Percy Curry conspired to divide any settlement or award granted for the pending action; (6) Ricardo Inhan declares himself as Caucasian on his Government Tax Return Forms; and (7) Ricardo Inhan entered the United States illegally.

THE DEFENDANTS,
NORTHEAST MARKETING GROUP, L.L.C., ET AL.


BY: _____
        Michael S. Wrona, Esq.
        Federal Bar Number:  CT24105
        Parrett, Porto, Parese & Colwell, P.C.
        2319 Whitney Avenue, Suite 1D
        Hamden, Connecticut 06518
        Telephone Number:  (203) 281-2700
        Facsimile Number:  (203) 281-0700

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid on the above captioned date to the following counsel of record:

Eugene Axelrod, Esq.
The Employment Law Group
8 Lunar Drive
Woodbridge, Connecticut  06525.


Michael S. Wrona
Commissioner of the District Court