FILED
JUN 15  12 40 PM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICARDO INHAN | : | CIVIL ACTION NUMBER: |
| PLAINTIFF | : | 302CV0213(~~CFD~~)(SRU) |
| | : | |
| VS. | : | |
| | : | |
| NORTHEAST MARKETING | : | |
| GROUP, L.L.C., DEFENDANT | : | JUNE 14, 2004 |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE

The Defendant, Northeast Marketing Group, L.L.C. hereby moves the Court, pursuant to Federal Rule of Civil Procedure Rule 12(f) for an order striking the following paragraphs of the plaintiff's Third Amended Complaint:

Count One – paragraphs 20, 21, 25-34, 37-39, and subsections a, b, g, n, and o of paragraph 41.

Count Two – paragraphs 42-45, 48-50, 52, and 55-56.

Count Three – subsections a, b, f, g, i, m, and o through t of paragraph 43.

Count Four – subsections b, d, e, f, h through j, l, and m of paragraph 4.

Count Five – paragraph 41.

**Preliminary Facts:**

The Plaintiff filed a Complaint on February 3, 2002 in the United States District Court for the District of Connecticut, claiming violations of Title VII of the Civil Rights Act of 1964, as amended, more specifically, discrimination based on race, hostile work environment, and retaliation. The Plaintiff further alleged violations of state law, defamation and breach of implied contract. On July 15, 2002, the Plaintiff filed its First Amended Complaint. On December 2, 2002 the Plaintiff moved for leave to again amend the Complaint, which motion was subsequently granted by the Court on March 12, 2003. In granting the Request, however, the Court indicated that certain paragraphs of the Complaint might be subject to a Motion to Strike. See Order of Magistrate Garfinkel dated March 12, 2003.

On March 31, 2003 the plaintiff filed its Second Amended Complaint. This Second Amended Complaint alleges the previously identified Title VII claims, the breach of implied contract claim, but completely altered the defamation claim to be one of straight defamation, rather than self-defamation as alleged in the First Amended Complaint, which is not recognized under Connecticut law. The defendant originally sought the deletion of numerous allegations in its Motion to Strike the Second Amended Complaint dated April 8, 2003, as the allegations were, and continue to be, prejudicial, immaterial, and redundant. The Court granted the defendant's Motion to Strike and ordered the plaintiff to file a Complaint that complied with the Court's

Order. Specifically, the Court ordered the defendant to delete paragraphs 86, 87, 126 and 127, as well as any allegations included in the Second Amended Complaint that were not included in the plaintiff's First Amended Complaint. The Court granted the Motion to Strike on July 21, 2003. The plaintiff, given his Third Amended Complaint, refuses to comply with the Court's Order as the Third Amended Complaint utterly fails to comply with the Court's Order as it includes numerous allegations that the Court has already stricken.

**Argument:**

The plaintiff was to delete paragraphs 86 and 126 of the Second Amended Complaint. These allegations are identical and related to alleged statements of Lee Ann Lionetti that the plaintiff was a "thief and a liar". Yet this allegation reappears as paragraph 41 of the Fifth Count of the Third Amended Complaint. Therefore, this allegation was not deleted as the Court ordered. The "relocation" of allegations that were to be deleted is a theme of the plaintiff's. For instance, paragraph 50 of the Second Amended Complaint, which was by Court Order to be deleted, was merely moved, separated into two allegations and is now paragraphs 43 and 44 of Count Two of the Third Amended Complaint.

In another example of the plaintiff's lack of compliance, paragraph 48 of the Second Amended Complaint has now become paragraph 42 of the Third Amended Complaint. These, unfortunately are just a few of the violations. The following is a list of the paragraphs that were

to be deleted. The left hand column lists allegations which were not contained in the First Amended Complaint and which, by Court Order, were to be stricken from the Second Amended Complaint. The right hand column represents where those allegations are contained in the Third Amended Complaint.

| Second Amended Complaint | Third Amended Complaint |
|---|---|
| 55 | 25 |
| 56 | 26 |
| 57 | 27 |
| 58 | 28 |
| 59 | 29 |
| 60 | 30 |
| 64 | 31 |
| 65 | 32 |
| 66 | 33 |
| 68 | 34 |
| 79 | 37 |
| 80 | 38 |
| 81 | 39 |
| 88a | 41a |
| 88b | 41b |
| 88g | 41g |
| 88n | 41n |
| 88o | 41o |
| 94 | 42 |
| 95 | 43 |
| 96 | 44 |
| 97 | 45 |
| 100 | 48 |
| 101 | 49 |
| 102 | 50 |
| 104 | 52 |
| 107 | 55 |

| | |
|---|---|
| 108 | 56 |
| 83 and 84 | 57 |
| 116a | 43a |
| 116b | 43b |
| 116f | 43f |
| 116g | 43g |
| 116i | 43i |
| 116m | 43m |
| 116o | 43o |
| 116p | 43p |
| 116q | 43q |
| 116r | 43r |
| 116s | 43s |
| 116t | 43t |
| 121b | 41b |
| 121d | 41d |
| 121e | 41e |
| 121f | 41f |
| 121h | 41h |
| 121i | 41i |
| 121j | 41j |
| 121l | 41l |
| 121m | 41m |

This "shell game" employed by the plaintiff simply should simply not be tolerated by the Court. For the plaintiff to disregard the Court's Order evidences a lack of good faith. Therefore, the defendant respectfully requests the Court to order the plaintiff to file a Complaint that is in compliance with the Court's Order of July 21, 2003.

**Conclusion:**

Wherefore the Defendant requests that the Court grant its Motion and strike the requested paragraphs from the plaintiff's Third Amended Complaint.

THE DEFENDANT

BY: _____
Michael S. Wrona
Federal Bar No.: CT24105
Parrett, Porto, Parese & Colwell, P.C.
One Hamden Center
2319 Whitney Avenue
Hamden, CT 06518
(203) 281-2700

**CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage prepaid this 14th day of June, 2004 to:

Eugene Axelrod, Esq.
The Employment Law Group LLC
8 Lunar Drive
Woodbridge, Connecticut 06525

_____
Michael S. Wrona
Commissioner of the Superior Court

6