UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 JUN 18  A 10: 48
U.S. DISTRICT COURT
BRIDGEPORT, CONN

| | |
|---|---|
| RICARDO INHAN, | CIVIL ACTION NO. |
| PLAINTIFF, | 3:02CV0213(SRU) |
| V. | |
| NORTHEAST MARKETING GROUP, LLC, | June 17, 2004 |
| DEFENDANT. | |

## MOTION TO QUASH NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION

Plaintiff Ricardo Inhan, by and through his attorney Eugene N. Axelrod, Esq. of The Employment Law Group, LLC, hereby moves pursuant to Fed. R. Civ. P. 45(c)(3)(A) and respectfully requests that this Court grant his Motion to Quash the Notice of Deposition dated DATE issues by the law firm of Parrett, Porto, Parese & Colwell, P.C.. In support of his motion, the Plaintiff states the following:

1. On or about August 11, 2003, the Plaintiff filed a Motion for Protective Order barring the Defendant's continued deposition of Ricardo Inhan, in which he requested that, in the alternative, the Defendant be ordered to pay for all costs and expenses associated with the Defendant's continued deposition of Mr. Inhan.

2. On September 23, 2003, the Court ordered that Defendant pay for all costs, expenses and Plaintiff's attorneys fees for the continued deposition of Ricardo Inhan (see Exhibit One).

3. Plaintiff was served with a Notice of Deposition and Request for Production on June 10, 2004, with deposition of Ricardo Inhan to take place on June 23, 2004.

4. On June 11, 2004, Melissa Grant, the Office Manager for The Employment Law Group, spoke to Attorney Michael Wrona, and informed him that Attorney Axelrod would not be available for deposition on that date.

5. Attorney Wrona requested that Plaintiff's law firm provide him with additional dates when he would be available for deposition, and stated that the new order does not require that the Defendant must pay any expenses associated with the continued deposition of the Plaintiff, but simply that the Defendant had until July 9, 2004 to complete discovery (see Exhibit Two).

6. Mr. Inhan is a resident of Florida, and permitting this deposition to go forward without enforcing the Court's Order that Defendant pay for all costs and expenses associated with the continued deposition will cause him an undue burden.

7. The undersigned hereby certifies that he has in good faith conferred with counsel for the Defendant in an effort to resolve this dispute without court action and that the motion is made for good cause.

The Plaintiff,
Ricardo Inhan

By: _____
Eugene N. Axelrod, Esq.
The Employment Law Group LLC
8 Lunar Drive
Woodbridge, CT  06525
(203) 389-6526
(203) 389-2656

## **CERTIFICATION**

This is to certify that, pursuant to Fed. R. Civ. P. 5(b), a copy of the foregoing has been sent this 17th day of June, 2004 via first class mail, postage prepaid to the following:

Louis Federici, Esq.
Michael S. Wrona, Esq.
Parrett, Porto, Parese & Colwell, P.C.
2319 Whitney Avenue
Suite 1D
Hamden, CT 06518

_____
Eugene N. Axelrod, Esq.

3

# Richardo Inhan
# Exhibit One

Endorsement Order:
<u>Ihnan v. Northeast Marketing</u>, 3:02CV0213(GLG)
Having reviewed the Plaintiff's motion for protective order (Doc. #96), the Court GRANTS it to the following extent:

    If the defendant wishes to resume plaintiff's deposition, it must pay plaintiff's travel expenses related to the next deposition session, any income lost by plaintiff because of time devoted to the continuing the deposition, plaintiff's counsel's fees connected with the continued deposition, and reporter's and transcript fees for the continued deposition. Without meeting these conditions, the defendant may not resume plaintiff's deposition. Although plaintiff and his counsel might have proven frustrating to defense counsel at times, defendant's counsel's terminating the deposition session was unwarranted. It is particularly troubling that defense counsel didn't enlist the court's assistance before ending the session, and especially so given the plaintiff's travel related to the deposition. So ordered on September 23, 2003, at Bridgeport.

_____
William I. Garfinkel, U.S.M.J.

# Richardo Inhan
# Exhibit Two

# PARRETT, PORTO, PARESE & COLWELL
PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELLORS AT LAW

MICHAEL S. WRONA
mwrona@pppclaw.com

ONE HAMDEN CENTER
2319 WHITNEY AVENUE
HAMDEN, CONNECTICUT 06518



(203) 281-2700
FAX: (203) 281-0700
WWW.PPPCLAW.COM

June 14, 2004

Eugene N. Axelrod, Esq.
The Employment Law Group, LLC
8 Lunar Drive
Woodbridge, Connecticut 06525

Re:   Ricardo Inhan vs. Northeast Marketing Group, LLC

Dear Attorney Axelrod:

On Friday, June 11, 2004, I spoke to your Office Manager, Melissa Grant. She had contacted me regarding this office's Notice of Deposition dated June 10, 2004. As I am sure you are already aware, the Court granted our Motion for Extension of time on May 10, 2004. Please be aware that while you had asked the Court to issue an Order obligating us to pay your client's travel expenses and costs, the Court's Order mentions nothing regarding this office paying any travel expenses. Therefore, it is this office's position that your client is responsible for his own costs and expenses associated with his future deposition. This office is aware your client's future deposition will be limited to e-mails and other related topics such as the location and your client's possession of such e-mails, such as the one your office turned over in discovery.

Your office manager also stated that you are not available on June 23, 2004, the date stated on the Notice. I will of course work with you to schedule the deposition on a mutually agreeable day. I want to ensure, however, that my willingness to move the date of the deposition does not result in any future disputes should a date before July 9, 2004 not be mutually convenient. Under not circumstances am I waiving my client's right to take your client's deposition with regard to the recently disclosed e-mail. I have provided Ms. Grant with several dates for which I am available in this month as well as dates I am available in July.

Please advise regarding the deposition and available dates.

Very truly yours,

Michael S. Wrona

I:\Employment\NRTHEAST\LETTERS\axelrod47.doc