UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICARDO INHAN | : | CIVIL ACTION NUMBER: |
| PLAINTIFF | : | 302CV0213(GLG) |
| | : | |
| | : | |
| VS. | : | |
| | : | |
| NORTHEAST MARKETING | : | |
| GROUP, L.L.C., DEFENDANT | : | JUNE 18, 2004 |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF**
**MOTION TO COMPEL ATTENDANCE AT DEPOSITION**

By way of letter dated March 5, 2004, well past the discovery deadlines set by the Court, the plaintiff's law firm provided to the defendant a copy of an e-mail, which attached hereto as Exhibit A. In response, the defendant filed a Motion to Modify the Court's Scheduling Order for the purposes of allowing additional discovery with regard to the untimely-disclosed e-mail. In response, the plaintiff filed an Objection to the Motion requesting that if the Court did reopen the discovery deadline that the Court include in any such Order that defendant pay for all travel expenses associated with the deposition. On May 10, 2004, the Court granted the defendant's Motion to Modify provided all discovery was completed by July 9, 2004. The Court did not include <u>any</u> conditions to the defendant right to take additional discovery even though requested by plaintiff's counsel.

On June 10, 2004, the defendant filed a Notice of Deposition stating that it intended to take the plaintiff's deposition on June 23, 2004. The following day, the office manager for the plaintiff's law firm subsequently called defense counsel and stated that it was incumbent on defense counsel to pay the travel expenses of the plaintiff and, in any event, plaintiff's counsel was unavailable on June 23, 2004. Defense counsel informed the office manager that he would work with plaintiff's counsel in scheduling a date for the deposition and reminded the office manager regarding the defendant's Motion to Modify and the Court's May 10, 2004 Order. Defense counsel wrote two letters to Attorney Axelrod explaining the defendant's position and asked him to contact defense counsel. Attorney Axelrod never contacted defense counsel.

On June 18, 2004, defense counsel received from the Court an Order regarding the plaintiff's Motion to Quash. Defense counsel <u>never</u> received a copy of the this motion nor a phone call regarding its filing. Defense counsel first saw the Motion as part of the fax received from the Court explaining the Court's decision. In addition, plaintiff's Motion, inasmuch as the defendant only has the page on which the Court's order is written, grossly mischaracterizes the issue. The issue is not the Court's previous Order regarding additional depositions, the issue is the scurrilous e-mail that was untimely disclosed by plaintiff's counsel. This issue is what led the Court to reopen the discovery deadlines and provide defendant the opportunity to advance additional discovery with regard to this one issue. Plaintiff's Motion is simply misleading and

ignores the issue.  An issue of which plaintiff's counsel is well aware especially given defense counsel's correspondence to plaintiff's counsel regarding this issue.

Federal Rule of Civil Procedure Rule 37 provides that upon notice, a party may apply to the Court for an order compelling discovery.  The Court may issue such orders, "in regard to the failure as are just …"  Federal Rule of Civil Procedure 37(d). In addition, the Court shall require the offending party, the offending party's attorney or both, "to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds the failure was substantially justified or that other circumstances make an award of expenses unjust."  A district court has broad discretion to impose sanctions in response to violations of litigation practice.  <u>Friends of Animals, Inc. v. U.S. Surgical Corp</u>., 131 F.3d 332, 334 (2d Cir.1997).

The test for analyzing discovery disputes arising in the context of a motion to compel has been defined by the District Court as follows:

> "The district court enjoys broad discretion when resolving discovery disputes, which should be exercised by determining the relevance of discovery requests, assessing their oppressiveness, and weighing these factors in deciding whether discovery should be compelled." (internal quotation omitted) <u>Yancey v. Hooten</u>, Docket No. 3:97CV1400DJSTPS, United States District Court, District of Connecticut (May 5, 1998) (Smith, USMJ).

In this case, the plaintiff produced a copy of an e-mail, 10 months after the discovery deadlines had expired.  The plaintiff knows the defendant wishes to conduct discovery limited to the location of the e-mail, the manner in which it was obtained, and other directly related topics.

The Court in its Order regarding the Motion to Modify granted the defendant the right to conduct discovery with regard to this limited issue.  In addition, this issue is not related to the Order referenced in the plaintiff's Motion to Quash.  In fact, that Order was issued before the e-mail at issue was disclosed.  Therefore, that Order concerns separate issue from the Court's Order dated May 10, 2004, which granted the defendant's Motion to Modify.

It is also interesting to note that plaintiff's counsel, rather than contacting defense counsel with regard to his correspondence, filed a Motion to Quash without notifying defense counsel.  More importantly, such Motion grossly mischaracterizes the issue currently before the Court.

While the defendant realizes the inconvenience involved in coming back for a deposition, it was the <u>plaintiff's</u> inexcusable, untimely disclosure that necessitates the deposition.  If the disclosure had been made in a timely fashion, such a deposition would not be required.  Therefore, the defendant respectfully requests an Order from the Court compelling the plaintiff to attend a deposition so that he may be asked questions directly related to the untimely, disclosed e-mail.

5

                    THE DEFENDANT

                    BY: _____
                    Michael S. Wrona
                    Federal Bar No.: CT24105
                    Parrett, Porto, Parese & Colwell, P.C.
                    2319 Whitney Avenue, Suite 1D
                    Hamden, Connecticut 06518
                    Telephone Number:  (203) 281-2700
                    Facsimile Number:  (203) 281-0700

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been mailed, postage prepaid, this ___th day of June, 2004 to:

Eugene Axelrod, Esq.
The Employment Law Group
8 Lunar Drive
Woodbridge, Connecticut 06525.


                    _____
                    Michael S. Wrona
                    Commissioner of the Superior Court