UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICARDO INHAN, | : CIVIL ACTION NO. |
| | : 3:02CV0213(GLG) |
| PLAINTIFF, | : |
| | : |
| V. | : |
| | : |
| NORTHEAST MARKETING | : |
| GROUP, LLC, | : July 14, 2004 |
| | : |
| DEFENDANT. | : |

**PLAINTIFF'S MOTION TO RECONSIDER DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH DATED JULY 1, 2004**

Plaintiff Ricardo Inhan, by and through his attorney Eugene N. Axelrod, Esq. of The Employment Law Group, LLC, hereby moves for Reconsideration of Defendant's Motion for Protective Order and Motion to Quash pursuant to F.R.C.P. Rule 7(c). On or about June 25, 2004, the Plaintiff issued a notice of deposition and a subpoena duces tecum to Lee-Ann Lionetti, and the Defendant filed a Motion for Protective Order and Motion to Quash on or about July 1, 2004.

On March 5, 2004, the Plaintiff produced a copy of an email to Defendant, pursuant to his continuing duty to disclose documents in response to Defendant's First Request for Production. (See email, attached hereto as Exhibit 1.) While the Defendant attempts to characterize Plaintiff's disclosure as being intentionally "late" and disingenuous, the Plaintiff had only recently realized that he possessed it when he found the copy of the email, while unpacking his belongings that had remained in storage since his relocation to the state of Florida.

Defendant argues that the Plaintiff's notice of deposition and subpoena duces tecum are outside the discovery period of the Court's Scheduling Order, dated August 26, 2002. That Order directed that Discovery was to be completed on May 8, 2003. However, the parties had

previously requested and received additional enlargements of time in which to complete discovery, and enlargement expired on December 7, 2003. In the case at bar, a month after the Plaintiff disclosed the email from Ms. Lionetti to Mr. Byron Brewer, Jr. to the Defendant, it filed a Motion to Modify the Scheduling Order to Allow Additional Discovery, dated April 5, 2004, which the Court granted. The Defendant argues that the Plaintiff is attempting to "distort" the Court's Order and that the Order was solely limited to the Defendant's ability to conduct discovery related to the email. However, the relevant potion of the Court's order, dated May 10, 2004, stated that the "motion for extension of time (Doc. #123) is GRANTED discovery shall be completed by July 9, 2004." (See Ruling on Pending Motions dated May 10, 2004.)

This e-mail is tangible evidence of the discrimination and bias claimed by Plaintiff. This e-mail goes to the fundamental issue in this case and Plaintiff would be severely prejudiced by an inability to explore the authenticity of this e-mail and whether there are other secret e-mails of a similar nature between Ms. Lionetti and Mr. Brewer, Jr.. Defendant's motion to quash is yet another example of Defendant trying to shield Ms. Lionetti, a major participant in the harassment and the defense, from testifying under oath.

The preferred method of deposition under the Federal Rules of Civil Procedure is to hold oral deposition of witnesses in-person. It is well recognized that much may be determined and utilized from observation of a witness's composure, comportment, facial expression, demeanor and concomitant questions. To deny an in-person deposition in the absence of any cause could unnecessarily prejudice the Plaintiff, especially in light of Defendant's continuous attempts to thwart Plaintiff's efforts to depose Ms. Lionetti under oath, while Defendant continually relies on and sites Ms. Lionetti (not under oath) in numerous motions, including the recent motion to extend the discovery period. Allowing the deposition to proceed would not prejudice Ms.

2

Lionetti. Ms. Lionetti is a Connecticut resident who travels each day to work to the Connecticut-based Defendant company. Additionally, this suit was filed in Connecticut, relates to actions committed in Connecticut involving a Connecticut plaintiff, and is defended by attorneys located in Connecticut.

Defendant had stated that Lee-Ann Lionetti, the author of the email in which the Plaintiff and his co-worker are subjected to racially disparaging comments, "vehemently denies" having created the email, and Defendant states that Plaintiff fabricated the email himself. In light of the Defendant's claims, it is imperative that the Plaintiff be permitted the opportunity to depose Ms. Lionetti. Accordingly, the Plaintiff respectfully requests that the Court Reconsider the Defendant's Motion for Protective Order and Motion to Quash, dated July 1, 2004. Additionally, while the July 9, 2004 deadline for the completion of discovery has since passed, the Plaintiff requests that the Court allow an extension for the Plaintiff to complete the deposition of Lee-Ann Lionetti.

                                  The Plaintiff,
                                Ricardo Inhan

By: _____
Eugene N. Axelrod, Esq.
The Employment Law Group LLC
8 Lunar Drive
Woodbridge, CT 06525
(203) 389-6526
(203) 389-2656

3

## CERTIFICATION

This is to certify that, pursuant to Fed. R. Civ. P. 5(b), a copy of the foregoing has been sent this 14th day of July, 2004 via first class mail, postage prepaid to the following:

Louis Federici, Esq.
Michael S. Wrona, Esq.
Parrett, Porto, Parese & Colwell, P.C.
2319 Whitney Avenue
Suite 1D
Hamden, CT  06518

_____
Eugene N. Axelrod, Esq.

# Exhibit 1



**Subj:** GE, Ricardo & Percy
**Date:** 9/11/2000 3:16:36 PM Eastern Standard Time
**From:** lalionetti@northeastmarketing.com
**To:** bybrewer@aol.com

Byron, that guy from GE had called and he was mad about the part S98019. As you know, the quote was wrong and he isn't happy about it! You have to call him back ASAP before he blows his top again.
Now, about Ricardo & Percy. I think you should not allow this nigger and his bum to be taking lunch together. I told you the best thing to do is get rid of them all! They don't belong here. Let Donna and Don learn the system from Percy and you can fire their ass.

I'll see you tomorrow at 9:30 bye!

18 of 18

EXHIBIT A