UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICARDO INHAN, | : | CIVIL ACTION NO: |
| | : | 3:02CV0213 (SRU) |
| Plaintiff, | : | |
| VS. | : | |
| | : | |
| NORTHEAST MARKETING GROUP, | : | |
| | : | |
| Defendant. | : | July 21, 2004 |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE, DATED JUNE 14, 2004.

The Plaintiff, Ricardo Inhan, hereby objects to the Defendant's Motion to Strike, dated June 14, 2004.  Plaintiff respectfully represents that he has already filed a Third Amended Complaint, dated December 10, 2002, which is fully in compliance with the July 21, 2003 Court Order.

Defendant's originally Motion to Strike, dated April 8, 2003, requested that the following paragraphs from the Second Amended Complaint, dated March 31, 2003, be struck:  paragraphs 86, 87 and 127 and paragraphs 13, 21, 22, 25-41, 45-54, 61-63, 67, 69-74, 77, 78, 82-84.  By way of its Motion to Strike, dated June 17, 2003, the Defendant disingenuously attempts to have struck additional paragraphs that it did not originally request be struck.

In its motion, Defendant makes several arguments that are simply not true.  For instance, Defendant argues that paragraphs 126 of the Second Amended Complaint was to be deleted.  The Defendant argues that the allegations [as set forth in paragraphs 86 and 126 of the Second Amended Complaint] "reappear" in paragraph 41 of the Fifth Count of the Third Amended Complaint, claiming that " 'relocation' of the allegations that were to be deleted is a theme of the plaintiff's."  (See Memorandum in Support of Motion to Strike, dated June 14, 2004, p. 3.)  This argument is in direct contradiction to the argument that Defendant made in its original Motion to Strike, dated

PDF created with pdfFactory trial version www.pdffactory.com

April 8, 2003. There, in support of its argument that paragraphs 87, 127 and 86 should be stricken, the Defendant stated that

> "In addition, the excision of these paragraphs from the complaint would not harm the Plaintiff, **as he has made allegations outside of these paragraphs to support the claim of defamation. See paragraph 126** which states "The Plaintiff was defamed when Lee Ann Lionetti called the Plaintiff a 'thief and a liar' stating 'You are stealing from the company, we'll have to talk to the lawyer about this.'" Also, in regards to paragraph 126, *the Defendant requests that paragraph 86 be stricken, as it is redundant of paragraph 126*."

(Emphasis added.) (See Defendant's Memorandum in Support of its Motion to Strike, dated April 8, 2003, p. 6.) Nowhere in the Memorandum did the Defendant request for paragraph 126 to be deleted, but, quite to the contrary, argued that *because of its inclusion*, other paragraphs should be stricken.

Additionally, the Defendant states that the Plaintiff has "relocated" paragraph 50 of the Second Amended Complaint, "which was by Court Order to be deleted, [but] was merely moved, separated into two allegations and is now paragraphs 43 and 44 of Count Two of the Third Amended Complaint." (Defendant's Memorandum, June 14, 2004, p. 3.) Again, the Plaintiff has done no such thing. As the chart included below on pages 3 and 4 details, paragraphs 43 and 44 of Count Two of the Third Amended Complaint are identical to paragraphs 95 and 96 of the Second Amended Complaint, and the Defendant did not, in its April 8, 2003, motion to strike, request that these paragraphs be deleted.

PDF created with pdfFactory trial version www.pdffactory.com

| Second Amended Complaint | Third Amended Complaint |
|---|---|
| 1 – 12 | 1 – 12 |
| **13** | **REMOVED** |
| 14 | 13 |
| 15 | 14 |
| 16 | 15 |
| 17 | 16 |
| 18 | 17 |
| 19 | 18 |
| 20 | 19 |
| **21 – 22** | **REMOVED** |
| 23 | 20 |
| 24 | 21 |
| **25 – 41** | **REMOVED** |
| 42 | 22 |
| 43 | 23 |
| 44 | 24 |
| **45 – 54** | **REMOVED** |
| 55 | 25 |
| 56 | 26 |
| 57 | 27 |
| 58 | 28 |
| 59 | 29 |
| 60 | 30 |
| **61 – 63** | **REMOVED** |
| 64 | 31 |
| 65 | 32 |
| 66 | 33 |
| 67 | **REMOVED** |
| 68 | 34 |
| **69 – 74** | **REMOVED** |
| 75 | 35 |
| 76 | 36 |
| **77 – 78** | **REMOVED** |
| 79 | 37 |
| 80 | 38 |
| 81 | 39 |
| **82 – 84** | **REMOVED** |
| 85 | 40 |
| **86** | **REMOVED** |
| **87** | **REMOVED** |
| 88 | Count One, ¶ 41 |
| 89 | Count One, ¶ 42 |
| 90 | Count One, ¶ 43 |
| 91 | Count One, ¶ 44 |

| Second Amended Complaint | Third Amended Complaint |
|:---:|:---:|
| 92 | Count One, ¶ 45 |
| 93 | Count Two, ¶ 41 |
| 94 | Count Two, ¶ 42 |
| 95 | Count Two, ¶ 43 |
| 96 | Count Two, ¶ 44 |
| 97 | Count Two, ¶ 45 |
| 98 | Count Two, ¶ 46 |
| 99 | Count Two, ¶ 47 |
| 100 | Count Two, ¶ 48 |
| 101 | Count Two, ¶ 49 |
| 102 | Count Two, ¶ 50 |
| 103 | Count Two, ¶ 51 |
| 104 | Count Two, ¶ 52 |
| 105 | Count Two, ¶ 53 |
| 106 | Count Two, ¶ 54 |
| 107 | Count Two, ¶ 55 |
| 108 | Count Two, ¶ 56 |
| 109 | Count Two, ¶ 57 |
| 110 | Count Two, ¶ 58 |
| 111 | Count Two, ¶ 59 |
| 112 | Count Two, ¶ 60 |
| 113 | Count Two, ¶ [61] (mis-numbered "46") |
| 114 | Count Three, ¶ 41 |
| 115 | Count Three, ¶ 42 |
| 116 | Count Three, ¶ 43 |
| 117 | Count Three, ¶ 44 |
| 118 | Count Three, ¶ 45 |
| 119 | Count Three, ¶ 46 |
| 120 | Count Three, ¶ 47 |
| 121 | Count Four, ¶ 41 |
| 122 | Count Four, ¶ 42 |
| 123 | Count Four, ¶ 43 |
| 124 | Count Four, ¶ 44 |
| 125 | Count Four, ¶ 45 |
| 126 | Count Five, ¶ 41 |
| **127** | **REMOVED** |
| 128 | Count Five, ¶ 42 |
| 129 | Count Five, ¶ 43 |
| 130 | Count Five, ¶ 44 |
| 131 | Count Five, ¶ 45 |

4

PDF created with pdfFactory trial version www.pdffactory.com

Finally, the Defendant cites as "another example of the plaintiff's lack of compliance" that paragraph 48 of the Second Amended Complaint has supposedly "become paragraph 42 of the Third Amended Complaint." (See Defendant's Memorandum, June 14, 2004, p. 3.) Again, the chart above demonstrates that Paragraph 42 of Count Two of the Third Amended Complaint is identical to Paragraph 94 of the Second Amended Complaint, which was not requested nor ordered deleted.

Discovery in this case was to have been completed as of December 7, 2003, with numerous extensions. While discovery was recently opened for a limited purpose, we are now on the eve of trial, and Defendant by his most recent motion, continued to engage in meritless and time-consuming motion practice, making a "last ditch" attempt to whittle down the complaint so that nothing of substance remains.

Accordingly, the Plaintiff respectfully requests that the Court deny instant Motion to Strike.

The Plaintiff,
Ricardo Inhan


By: _____
Eugene N. Axelrod, Esq. (ct00309)
The Employment Law Group LLC
8 Lunar Drive
Woodbridge, CT  06525
Tel. (203) 389-6526
Fax (203) 389-2656

PDF created with pdfFactory trial version www.pdffactory.com

## CERTIFICATION

      This is to certify that a copy of the foregoing has been mailed this ___ of July, 2004, postage prepaid, to the following:

Louis M. Federici, Esq.
Parrett, Porto, Parese & Colwell, P.C.
2319 Whitney Avenue, Suite 1D
Hamden, Connecticut 06518

 

_____
Eugene N. Axelrod, Esq.

PDF created with pdfFactory trial version www.pdffactory.com