UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICARDO INHAN | : | CIVIL ACTION NUMBER: |
| PLAINTIFF | : | 302CV0213(SRU) |
| | : | |
| | : | |
| VS. | : | |
| | : | |
| NORTHEAST MARKETING | : | |
| GROUP, L.L.C., DEFENDANT | : | AUGUST 11, 2004 |

### DEFENDANT'S REPLY TO THE PLAINTIFF'S OBJECTION
### TO THE MOTION TO STRIKE

On December 4, 2002, the plaintiff filed a Second Request for Leave to Amend Complaint. That Request was granted by Court Order dated March 12, 2003. In that Order, however, the Court stated that, "some of the added paragraphs may be subject to be stricken as inappropriate. See, i.e. ¶'s 87, 127." See Exhibit A. On April 1, 2003, the plaintiff filed a Second Amended Complaint to which the defendant filed a Motion to Strike on April 17, 2003. On July 21, 2003, the Court granted the Motion to Strike as the plaintiff failed to file an Objection but, the Court acknowledged, the Motion appeared "well-founded and would likely be granted even if opposed." See Exhibit B. The Court also ordered that each additional paragraph not in the First Amended Complaint be deleted. The relevant page from the Court's Pacer website is attached hereto as Exhibit C. The plaintiff was ordered to file an Amended

Complaint.  The Third Amended Complaint does not comply with the Court's Order of July 21, 2003 as there still remain allegations not contained in the First Amended Complaint.

On June 15, 2004, the defendant, Northeast Marketing Group, L.L.C., filed a Motion to Strike the plaintiff's Third Amended Complaint.  On July 21, 2004, the plaintiff filed an Objection to the Motion to Strike.  The defendant now files this Reply in response to that Objection.

Rule 12(f) of the Federal Rules of Civil Procedure states that any matter in a pleading that is "redundant, immaterial, impertinent, or scandalous" may be stricken.  Rule 8(a) of the Federal Rules of Civil Procedure only requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  This rule is designed only so that defendants have fair notice of the claims to enable them to answer and prepare for trial.  Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir.1988).  Such a statement is intended only to give the defendant fair notice regarding the nature of the plaintiff's claims.  Metropolitan Enterprise Corp. v. United Technologies, Inc., 2004 WL 1497545 (D.Conn.) at 8.  The parties may then employ discovery and summary judgment motions to define and clarify disputed facts and issues.  Id.

"[I]mmaterial allegations should be stricken if their presence in the complaint prejudices the defendant."  Fuchs Sugars & Syrups, Inc. v. Amstar Corp., 402 F.Supp. 636, 638 (S.D.N.Y. 1975).  Where the effect of the alleged matter would be prejudicial the Court may

order it stricken.  <u>Reiter's Beer Distributors, Inc. v. Christian Schmidt Brewing Co</u>., 657 F. Supp. 136, 144 (E.D.N.Y. 1987).  The value of allowing particular allegations is outweighed if their inclusion will have a prejudicial effect on future proceedings.  <u>Kent v. AVCO Corporation</u>, 815 F.Supp. 67, 71 (D.Conn. 1992).

In the Third Amended Complaint, the Plaintiff inserts numerous additional facts to support his claim, which were not included in the First Amended Complaint.  These added facts are inappropriate and irrelevant for a complaint for which only a "short and plain statement" is required pursuant to Federal Rule of Civil Procedure 8(a).  Moreover, the plaintiff is attempting to add allegations after the close of discovery.  Therefore, the defendant seeks to have stricken from the Third Amended Complaint all allegations not contained in the First Amended Complaint.  Specifically, the defendant seeks to have stricken paragraphs 25-33, 37, 39 of the Facts; paragraphs 41a, 41b, 41n, and 41o of the First Count; paragraphs 42, 43, 44, 45, 49, 50, 52, 54-57 of the Second Count; paragraphs 43i, 43j, 43o and 43q-43u; and paragraphs 41d, 41e, 41g, 41i, 41j, 41l, 41m.  These allegations are simply inappropriate, prejudicial and not needed to set forth a "short and plain statement" of the plaintiff's claims.

The defendant is not, as the plaintiff argues in his Objection to the Motion to Strike, engaging in "meritless and time consuming motion practice."  Rather, the defendant is attempting to ensure that the Complaint in this case will be more in keeping with the Federal

Rules of Civil Procedure and this Court's previous Order.  In addition, the plaintiff worries that there will be "nothing of substance" left in his Complaint should the Motion to Strike be granted.  At present, the Third Amended Complaint consists of 84 paragraphs, not including sub-paragraphs three of which exceed an entire page.  Certainly, this exceeds the guidelines as set forth in the Federal Rule of Civil Procedure and plaintiff's concerns are unfounded.  Lastly, the plaintiff argues this case is "on the eve of trial."  At present, no trial date has been scheduled.

Wherefore, the defendant respectfully requests the Court to grant its Motion to Strike.

THE DEFENDANT,

BY: _____
Michael S. Wrona, Esq.
Federal Bar Number:  CT024105
Parrett, Porto, Parese & Colwell, P.C.
2319 Whitney Avenue, Suite 1D
Hamden, Connecticut  06518
Telephone Number:  (203) 281-2700
Facsimile Number:  (203) 281-0700

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been mailed, postage prepaid on the above captioned date to Eugene Axelrod, Esq., The Employment Law Group, 8 Lunar Drive, Woodbridge, Connecticut  06525.

_____

Michael S. Wrona
Commissioner of the District Court