UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICARDO INHAN, | : | CIVIL ACTION NO. |
| | : | 3:02CV0213(SRU) |
|     PLAINTIFF, | : | |
| | : | |
| V. | : | |
| | : | |
| NORTHEAST MARKETING | : | |
| GROUP, LLC, | : | September 9, 2004 |
| | : | |
|     DEFENDANT. | : | |

**REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO RECONSIDER**

The Plaintiff, Ricardo Inhan, hereby submits his reply brief in further support of his motion to reconsider the court's order granting the defendant's motion for protective order and motion to quash.

On March 5, 2004, the Plaintiff produced a copy of an email to Defendant, pursuant to his continuing duty to disclose documents in response to Defendant's First Request for Production. (See email, attached to Motion to Reconsider as Exhibit 1.) The Defendant submitted a Motion to Modify the Scheduling Order in which it denied the authenticity of the email, and indirectly accused the Plaintiff of creating it. The court granted the Defendant's Motion to Modify. On or about June 25, 2004, the Plaintiff issued a notice of deposition and a subpoena duces tecum to Lee-Ann Lionetti, and the Defendant filed a Motion for Protective Order and Motion to Quash on or about July 1, 2004. That Motion was granted by the Court on July 6, 2004.

While the Defendant attempts to characterize Plaintiff's disclosure as "untimely", as the Plaintiff has explained on several occasions, he only recently discovered that the email was in his possession while unpacking his belongings that had been in storage since the Plaintiff relocated

PDF created with pdfFactory trial version www.pdffactory.com

to Florida. Acting in good faith and pursuant to his continuing duty to disclose, the Plaintiff immediately forwarded a copy of the email to his undersigned attorney, who then disclosed it to the Defendant.

  The Defendant is correct in his assertion that the Court's July 6, 2004 Order stated that the Plaintiff could conduct a ten-minute telephone deposition of Ms. Lionetti at his own expense. The Plaintiff respectfully submits that such a deposition would be unduly burdensome, and requests that the Court reconsider its Order granting the defendant's motion for protective order and motion to quash, and permit the Plaintiff to conduct additional depositions and/or other discovery regarding the highly disparaging email which he discovered only after the December, 2003 discovery deadline had passed.

                The Plaintiff,
                Ricardo Inhan


                By: _____
                Eugene N. Axelrod, Esq.
                The Employment Law Gropu LLC
                8 Lunar Drive
                Woodbridge, CT  06525
                (203) 389-6526
                (203) 389-2656

PDF created with pdfFactory trial version www.pdffactory.com

**CERTIFICATION**

This is to certify that, pursuant to Fed. R. Civ. P. 5(b), a copy of the foregoing has been sent this 9th day of September, 2004 via first class mail, postage prepaid to the following:

Louis Federici, Esq.
Michael S. Wrona, Esq.
Parrett, Porto, Parese & Colwell, P.C.
2319 Whitney Avenue
Suite 1D
Hamden, CT  06518

_____
Eugene N. Axelrod, Esq.

PDF created with pdfFactory trial version www.pdffactory.com