UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICARDO INHAN, | : | CIVIL ACTION NO. |
| | : | 3:02CV0213(SRU) |
| PLAINTIFF, | : | |
| | : | |
| V. | : | |
| | : | |
| NORTHEAST MARKETING | : | |
| GROUP, LLC, | : | September 9, 2004 |
| | : | |
| DEFENDANT. | : | |

**PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF HIS MOTION TO MODIFY
SCHEDULING ORDER**

The Plaintiff, Ricardo Inhan, hereby submits his reply brief in further support of his

motion to modify the scheduling order in order to allow further discovery.

Plaintiff recently discovered that he had in his possession an email in which Lee-Ann

Lionetti made several racially disparaging statements to Byron Brewer, about the Plaintiff and

his co-worker, also a racial minority. (See email, attached to Plaintiff's Motion to Modify as

Exhibit 1.) After he disclosed the email to counsel for the Defendant, Defendant filed a Motion

to Modify the scheduling order, stating that Lee-Ann Lionetti "vehemently denies producing this

e-mail" and accused the Plaintiff of creating the email himself. Defendant's Motion to Modify

was "for the limited purposes of allowing the defendant the opportunity to take additional

depositions and/or file additional discovery for the sole purpose of determining information

related to the correspondence," and the Defendant's motion was granted by the Court.

Plaintiff filed his Motion to Modify the scheduling order, requesting that he too be able to

take additional depositions and/or file additional discovery related to the email and Lee-Ann

Lionetti's denial that she created it. Defendant, in its objection, filed August 10, 2004, attempts

PDF created with pdfFactory trial version www.pdffactory.com

to characterize the Plaintiff as acting in bad faith, arguing that he should not be permitted to conduct further discovery regarding the email, because it was "untimely disclosed." Plaintiff in no way attempted to conceal or withhold information from the Defendant. On the contrary, the Plaintiff immediately produced the email to the Defendant as soon as it came into his possession. As Plaintiff has patiently explained on several occasions, many of his belongings were in storage subsequent to his relocation to the state of Florida, which occurred over two years ago. While recently unpacking those belongings, the Plaintiff discovered that he had a copy of the email in his possession, and he immediately disclosed it to his undersigned counsel, who then produced it to Defendant's counsel, on or about March 5, 2004. While this disclosure was made subsequent to the December 6, 2003 discovery cut-off, it was not disclosed in an untimely manner per se, but rather was made pursuant to the Plaintiff's continuing duty to disclose relevant information as it is discovered, up to and including the time of trial.

Defendant also attempts to characterize the Plaintiff's Motion to Modify as in violation of the Court's Order dated July 6, 2004; again, this is incorrect. In that Order, the Court granted the Defendant's Motion for Protective Order and Motion to Quash regarding the Plaintiff's subpoenas dated July 6, 2004 and July 25, 2004. While the Defendant argues that the present motion is made in violation of that Order, the Plaintiff is merely utilizing the appropriate the procedure for requesting a discovery enlargement, just as the Defendant did when it submitted its Motion to Modify the scheduling order.

The Defendant finally argues that the Plaintiff's Motion to Modify should not be granted because he previously had the opportunity to conduct a ten-minute telephone deposition of Ms. Lionetti at his own expense. The Plaintiff submits that such a deposition would be unduly burdensome, and respectfully requests that the Court modify the scheduling order for the limited

2

PDF created with pdfFactory trial version www.pdffactory.com

purpose that the Plaintiff be permitted to conduct additional depositions and/or other discovery

regarding the highly disparaging email which he discovered only after the December, 2003

discovery deadline had passed.


Respectfully submitted,
The Plaintiff,
Ricardo Inhan


By: _____
Eugene N. Axelrod, Esq.
The Employment Law Gropu LLC
8 Lunar Drive
Woodbridge, CT  06525
(203) 389-6526
(203) 389-2656

PDF created with pdfFactory trial version www.pdffactory.com

## <u>CERTIFICATION</u>

This is to certify that, pursuant to Fed. R. Civ. P. 5(b), a copy of the foregoing has been sent this 9th day of September, 2004 via first class mail, postage prepaid to the following:

Louis Federici, Esq.
Michael S. Wrona, Esq.
Parrett, Porto, Parese & Colwell, P.C.
2319 Whitney Avenue
Suite 1D
Hamden, CT  06518

_____
Eugene N. Axelrod, Esq.

PDF created with pdfFactory trial version www.pdffactory.com