```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

RICARDO INHAN,                         :

     Plaintiff,                        :

          vs.                          :  No. 3:02CV0213(SRU)(WIG)

NORTHEAST MARKETING GROUP, LLC,        :

     Defendant.                        :
-----------------------------------X
```

### Ruling on Defendant's Motion to Strike [Doc. # 130]

Three years after the filing of plaintiff's initial complaint, and five amended complaints later,[1] the Court is faced with a motion to strike [Doc. # 130] addressed to the plaintiff's "Third Amended Complaint" [Doc. # 109], which, in reality, is the fifth amended complaint. Defendant seeks to have stricken from this complaint approximately 50 paragraphs and subparagraphs that it maintains should have been stricken based upon this Court's Order of July 21, 2003. That Order, in clear and unambiguous language, granted defendant's earlier "motion to strike each

---

[1] On February 4, 2002, plaintiff filed his initial complaint. On August 1, 2002, with leave of Court, he filed his First Amended Complaint [Doc. # 20]. On March 13, 2003, again with leave of Court, he filed his Second Amended Complaint [Doc. # 72]. A second Second Amended Complaint [Doc. # 75] was filed on April 1, 2003, which is identical to the previous Second Amended Complaint except for the date. Following the Court's granting defendant's motion to strike, plaintiff filed a Third Amended Complaint [Doc. # 94] on August 5, 2003. A second Third Amended Complaint [Doc. # 109] was then filed on December 12, 2003. Defendant then filed a motion to strike on June 15, 2004. It is this last complaint to which the motion to strike is addressed.

1

additional paragraph added to second amended complaint that was not included in the first amended complaint."

A better argument, however, in favor of striking this most recent complaint, which defendant failed to advance, is that the complaint was amended without leave of Court in violation of Fed. R. Civ. P. 15(a).  Moreover, as defendant argues in its reply brief, none of the five amended complaints have complied with Fed. R. Civ. P. 8(a), which provides that the complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Although the Court finds merit in some of defendant's arguments, its motion to strike is untimely, having been filed six months after the last amended complaint.  <u>See</u> Fed. R. Civ. P. 12(f).  Further, these arguments should have been raised in response to the first "Third Amended Complaint" [Doc. # 94], which was filed August 5, 2003, following the Court's order on the earlier motion to strike.

The Court notes that it is neither the practice of this Judge nor most judges in this district to provide the jury with the complaint and, therefore, there is little, if any, prejudice to the defendant in allowing the complaint to stand as most recently amended.  Morever, were the Court to grant the motion to strike specific paragraphs, plaintiff would be forced to file yet another amended complaint, which most likely would still not

comply with the pleading requirements of Fed. R. Civ. P. 8(a), thus opening up the possibility of another motion to strike. This vicious cycle could continue indefinitely. It is time for it to end. This wretched matter has been pending for three years. Discovery has closed. Rather than engaging in any further waste of judicial resources, comparing five versions of plaintiff's lengthy complaints, the Undersigned DENIES Defendant's Motion to Strike [Doc. # 130] as untimely.

SO ORDERED, this <u>1st</u> day of February, 2005, at Bridgeport, Connecticut.

```
            _____/s/_____
            WILLIAM I. GARFINKEL,
            United States Magistrate Judge
```