United States District Court
District of Connecticut
FILED AT    SRLS,T.:

8-13-2004

Karen F. Lowe, Clerk

By Carol _____

Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RICARDO INHAN          :     CIVIL ACTION NUMBER:
    PLAINTIFF          :     302CV0213(SRU)
                       :
                       :
VS.                    :
                       :
NORTHEAST MARKETING    :
GROUP, L.L.C., DEFENDANT :     AUGUST 10, 2004

## DEFENDANT'S OBJECTION TO PLAINTIFF'S
## MOTION TO MODIFY SCHEDULING ORDER

The defendant, Northeast Marketing Group, LLC hereby objects to the Plaintiff's

Motion to Modify Scheduling Order. The plaintiff through his Motion is attempting to take the

deposition of Lee-Ann Lionetti, an employee of Northeast Marketing Group, LLC. The

plaintiff had the opportunity to take the deposition of Lee-Ann Lionetti during the initial

discovery period and also had the opportunity to take a ten-minute phone deposition of Ms.

Lionetti as a result of the Court's Order dated July 6, 2004. A copy of the Court Order is

attached hereto as Exhibit A.

On April 7, 2004, the defendant filed a Motion to Modify the Scheduling Order for the

sole purpose of determining the origin of the untimely, disclosed e-mail. The e-mail is attached

as Exhibit A to plaintiff's Motion to Modify. On May 10, 2004, the Court granted the

defendant's Motion to Modify and allowed until July 9, 2004, to conduct additional discovery

only with regard to the e-mail. On July 8, 2004, the defendant took the phone deposition of Ricardo Inhan. The deposition focused solely on the e-mail at issue.

Earlier, on June 25, 2004, the plaintiff mailed to defense counsel a Notice of Deposition, Subpoena and Request for Production regarding a deposition of Lee-Ann Lionetti the plaintiff had scheduled for July 6, 2004. The Request for Production attached to the Subpoena requested documents completely unrelated to the untimely, disclosed e-mail. Upon information and belief, the Subpoena was never served on Ms. Lionetti.

In response to the Subpoena and Notice of Deposition, the defendant filed a Motion to Quash the Subpoena and a Motion for Protective Order, both of which were granted on July 6, 2004. The Motion to Quash and Motion for Protective Order is attached hereto as Exhibit B. In that Order the Court acknowledged the scope of the production request, which accompanied the Subpoena and Notice of Deposition, was not "issued in a good faith effort to be consistent with the Court's Order of May 10, 2004." Within that same Order, the Court provided the plaintiff the opportunity to take a ten-minute phone deposition of the alleged sender and recipient of the e-mail provided those depositions were completed no later than July 20, 2004. This deadline was firm as the Court stated in its Order that, "no extensions will be allowed for any reason." It appears the plaintiff is now using his Motion to Modify as a vehicle to take a deposition for which the Court has previously issued a Protective Order. In addition, the

plaintiff seeks to take the deposition at a time when the Court has explicitly stated that no such extension will be allowed "for any reason."  Under Rule 16 of the Federal Rules of Civil Procedure a Court's scheduling order "shall not be modified except upon a showing of good cause." *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir.2003) (citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir.2000)). "A finding of good cause depends on the diligence of the moving party." *Id.* (citations omitted).  In this case, the Court has already stated to the parties that no extensions will be allowed and the plaintiff has not set forth any grounds for good cause as to why the Court should grant such an extension.

The plaintiff in his Motion has failed to mention that he was given the opportunity to conduct a ten-minute phone deposition pursuant to the Court's Order of July 6, 2004.  The plaintiff had until July 20, 2004 to complete any such depositions. The plaintiff made no effort to take advantage of the Court's Order. It is the defendant's position that since no effort was made on the part of the plaintiff, the plaintiff has waived his right to take the telephone depositions.  In addition, if the plaintiff is merely seeking a statement under oath from Ms. Lionetti regarding the scurrilous e-mail, he is already is in possession of such a statement. Her affidavit regarding the e-mail at issue is attached as an Exhibit to the defendant's Motion to Modify that was filed on April 7, 2004.

The plaintiff's Motion to Modify states the e-mail contains "disparaging remarks", is "tangible evidence of the discrimination and bias claimed by the plaintiff", and goes to the "fundamental issue in this case." The plaintiff in his Motion therefore attempts to portray this e-mail as a fundamental and indispensable part of his case. The fact remains the plaintiff, by his own admission, knew of the e-mail in September of 2000. (Phone depo. of Inhan at 10 attached hereto as Exhibit C.) Yet, the plaintiff also never disclosed it or made mention of it in any previous administrative hearing or during any phase of this case. The only response given by the plaintiff, as stated in his Motion to Modify dated July 14, 2004, is that he happened upon the e-mail while going through his belongings that were in storage as a result of his relocation to Florida. It is difficult to imagine how the plaintiff could forget to produce or make mention of a document that constitutes such a "fundamental" part of his case.

The plaintiff in his motion also attempts to cast the untimely-disclosed e-mail as "newly discovered." It was disclosed to defense counsel by way of letter dated March 5, 2004. During his telephone deposition, Ricardo Inhan testified that he initially came into possession of the alleged e-mail in September of 2000, sometime shortly after the date stated on the e-mail. (Phone depo. of Inhan at 10.) Therefore, the e-mail is not "newly discovered" as the plaintiff states in his Motion. The plaintiff has been in possession of the e-mail for the past three and a half years. In addition, the plaintiff has been in possession of the e-mail for the entire two-year

period between the commencement of this case and the time the e-mail was eventually produced. Therefore, the e-mail can hardly be considered "newly discovered."

Lastly, the plaintiff's Motion to Modify does not set any limitations as to what topics may be discussed in the deposition. Therefore, it would appear the plaintiff is attempting to use the recently disclosed e-mail as an excuse to take a deposition he could have taken during the initial discovery period, especially in light of the previous extensions provided by the Court.

Wherefore, the defendant respectfully requests the Court to deny the Plaintiff's Motion To Modify the Scheduling Order for the reasons set forth above.

THE DEFENDANT

BY: _____
MICHAEL S. WRONA, ESQ.
Federal Bar Number:  CT24105
Parrett, Porto, Parese & Colwell, P.C.
2319 Whitney Avenue, Suite 1D
Hamden, Connecticut  06518
Telephone Number:  (203) 281-2700
Facsimile Number:  (203) 281-0700

## ORDER

The foregoing Objection having been presented, IT IS HEREBY ORDERED:

### SUSTAINED / OVERRULED.

THE COURT

BY:_____

                            JUDGE/CLERK

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid on the above captioned date to Eugene Axelrod, Esq., The Employment Law Group, 8 Lunar Drive, Woodbridge, Connecticut 06525.

Michael S. Wrona
Commissioner of the District Court

## Michael S. Wrona

**From:** CMECF@ctd.uscourts.gov
**Sent:** Wednesday, July 07, 2004 12:01 AM
**To:** CMECF@ctd.uscourts.gov
**Subject:** Summary of ECF Activity

**Activity has occurred in the following cases:**

**3:02-cv-00213-SRU Inhan v. Northeast Mktg Group, et al**
**Motion for Protective Order  135**

**Docket Text:**
MOTION for Protective Order, MOTION to Quash by Northeast Mktg Group LLC.Responses due by 7/23/2004(Sanders, C.)

**3:02-cv-00213-SRU Inhan v. Northeast Mktg Group, et al**
**Order on Motion for Protective Order  136**

**Docket Text:**
ELECTRONIC ORDER granting Defendant's Motion for Protective Order and Motion to Quash [135]. The scope of the production request accompanying the subpeona indicates that the subpeona was not issued in a good faith effort to be consistent with t he Court's order of May 10, 2004. Discovery was extended for the limited purpose of inquiry concerning the suspect and untimely produced email. If, at plaintiff's expense, he wishes to take ten (10) minute telephonic depositions of the pu rported sender and recipient of the email, he may do so by no later than July 20, 2004. No production requests are to be served in connections with any such depositions. No extensions will be allowed for any reason. Signed by Judge William I. Garfi nkel on 7/6/04.THIS IS THE ONLY NOTICE THE COURT WILL ISSUE. (Osborne, M.)

Exhibit A

7/9/04

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RICARDO INHAN                    :        CIVIL ACTION NUMBER:
      PLAINTIFF                 :        302CV0213(GLG)
                                :
                                :
VS.                              :
                                :
NORTHEAST MARKETING              :
GROUP, L.L.C., DEFENDANT         :        JULY 1, 2004

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH
PLAINTIFF'S NOTICE OF DEPOSITION AND SUBPOENA DUCES TECUM
ISSUED TO LEE-ANN LIONETTI AND DATED JUNE 25, 2004**

The Defendant, Northeast Marketing Group, L.L.C., Byron Brewer Sr., and Byron Brewer Jr., hereby moves for a protective order and moves to quash in its entirety the Plaintiff's Subpoena Duces Tecum dated June 25, 2004 for the Deposition of Ms. Lee-Ann Lionetti on July 6, 2004, a copy which is attached hereto as "Exhibit A". Pursuant to F.R.C.P. 16(b)(3), the deposition notice is outside the discovery period of the Scheduling Order dated August 26, 2002. The original Scheduling Order was entered by the Court on August 26, 2002, and Discovery was to have ceased on May 8, 2003. The Plaintiff is now attempting to depose Ms. Lee-Ann Lionetti for the following reasons, however, the subpoena should be quashed.

Exhibit B

On April 5, 2004, the Defendant filed a motion to extend the Scheduling Order, "for the limited purpose of allowing the defendant the opportunity to take additional depositions and /or file additional discovery for the sole purpose of determining information related to the correspondence." (See Defendant's Motion to Modify Scheduling Order to Allow Additional Discovery dated April 5, 2004 attached hereto as "Exhibit B"). The request for the extension of the Scheduling Order resulted from late disclosure by the Plaintiff of an email dated September 11, 2000 allegedly produced by an employee of the defendant on March 5, 2004, a copy of which is attached hereto as "Exhibit C". Pursuant to the court's order on May 10, 2004, "defendant's motion for extension of time (Doc.#123) is GRANTED discovery shall be completed by July 9, 2004." (See Ruling on Pending Motions dated May 10, 2004, attached hereto as "Exhibit D").

Discovery has been ordered for the limited purpose of allowing the Defendants to conduct inquiry regarding the late disclosure by the Plaintiff of an email purporting to be from Ms. Lionetti addressed to Byron Brewer. The Plaintiff is now attempting to distort the court's order of May 10, 2004 to contend that he may conduct additional discovery, to wit: the above referenced deposition of Ms. Lionetti. This interpretation of the court's order is both misleading and clearly outside of the original discovery period. The subpoena at issue is also outside the court's order of May 10, 2004. Moreover, inasmuch as this email is dated September 11, 2000, the plaintiff clearly had the opportunity to properly disclose during the discovery period, yet failed to do so. The Plaintiff

I:\Employment\NRTHEAST\Discovery\mot.quash.depo.doc

should not now be allowed to conduct additional discovery given that the only issue open for discovery at this time is to allow the defendant inquiry regarding the email disclosed by the plaintiff in Attorney Melissa Toddy's letter dated March 5, 2004.

Therefore, the Defendant respectfully request the court grant the Defendant's Motion for Protective Order and Motion to Quash the Plaintiff's Subpoena Duces Tecum dated June 25, 2004 for the deposition of Lee-Ann Lionetti scheduled for July 6, 2004 as it is clearly barred by the Scheduling Order.

THE DEFENDANT,

BY: _____
Louis M. Federici, Esq.
Federal Bar No.: CT02374
Parrett, Porto, Parese & Colwell, P.C.
2319 Whitney Avenue, Suite 1D
Hamden, Connecticut 06518
Telephone Number: (203) 281-2700

## ORDER

The foregoing Defendant's Motion for Protective Order and Motion to Quash Plaintiff's Subpoena Duces Tecum dated June 25, 2004 for the Notice of Deposition issued to Lee-Ann Lionetti having been heard, it is hereby, **ORDERED:**

## GRANTED / DENIED.

### BY THE COURT

_____
JUDGE/CLERK

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid this 1st day of July to:

Eugene Axelrod, Esq.
The Employment Law Group
8 Lunar Drive
Woodbridge, Connecticut  06525

Louis M. Federici
Commissioner of the District Court

EXHIBIT A

# United States District Court

## _____ District of_____

Ricardo Inhan

    V.

Northeast Marketing Group, LLC.,
Byron Brewer Sr. and Byron Brewer Jr.

SUBPOENA IN A CIVIL CASE

Case Number: 302CV0213 (SRU)

To:  Lee-Ann Lionetti      or     Northeast Marketing Group, LLC.
      170 Summit Street             8 Fairfield Blvd.
      East Haven, CT 06153        Wallingford, CT 06492

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| Place of Testimony | Courtroom |
|---|---|
|  | Date and Time |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking deposition in the above case.

| Place of Deposition | Date and Time |
|---|---|
| The Employment Law Group (ct00309)<br>8 Lunar Drive<br>Woodbridge, CT 06525<br>203-389-6526 | July 6, 2004<br>10:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

(Please see Attachment A)

EXHIBIT A

| Place of Deposition | Date and Time |
|---|---|
| The Employment Law Group<br>8 Lunar Drive<br>Woodbridge, CT 06525 | July 6, 2004<br>10:00 a.m. |

~~YOU~~ ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| Premises | Date and Time |
|---|---|
| See Schedule "A" | |

Issuing officer signature and title (indicate if attorney for Plaintiff or Defendant)  Date   6/23/04

Plaintiff's Attorney   Eugene N. Axelrod, ESQ.

Issuing officer's name address and phone number

Eugene N. Axelrod
The Employment Law Group
8 Lunar Drive
Woodbridge, CT 06525
203-389-6526

ATTACHMENT "A"
SUBPOENA DUCES TECUM
RICARDO INHAN
CASE NO. 3:02CV0213 (SRU)

1.      All attendance records of Ricardo Inhan.

2.      All warnings and prior written notices for Ricardo Inhan.

3.      Any/and all correspondence, memo's, e-mails, notes, reports, analysis or other tangible items relating or concerning to Ricardo Inhan.

4.      All documentation showing Ricardo Inhan had a set schedule to be at work at a specific time showing his hours of employment.

5.      Any and all job description, writing or tangible item describing or listing Ricardo Inhan's duties were at the company.

6.      A list of Ricardo Inhan's pay structure from start of employment until the time he left employment with Northeast Marketing.

7.      A pictorial representation of the web site used/displayed by Northeast Marketing Group at the time of this deposition.

8.      All records logs, writings, e-mails, documents, or other tangible items that show, reflect, record display or demonstrate the work, labor and/or services including but not limited to the website on a daily basis for each day while employed and at work for Northeast Marketing, Inc.

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| **SERVED** | | |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE | |
| SERVED BY (PRINT NAME) | TITLE | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

_____

Rule 45, Federal Rules of Civil Procedure, Parts C&D:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to and order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(I) fails to allow reasonable time for compliance

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(I) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend a trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICARDO INHAN | : | |
| | : | CIVIL ACTION NO. |
| PLAINTIFF, | : | 3:02CV0213(GLG) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NORTHHEAST MARKETING | : | |
| GROUP LLC, BYRON BREWER | : | June 25, 2004 |
| SR. And BYRON BREWER JR. | : | |

DEFENDANTS.

### RE-NOTICE OF DEPOSITION BY SUBPOENA

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, PLEASE TAKE

NOTICE that Plaintiff **Ricardo Inhan**, through counsel will take the deposition of **Lee-**

**Ann Lionetti**, in the above-referenced action on **July 6, 2004**, at **10:00 a.m.** at he

Employment Law Group, LLC., 8 Lunar Drive, Woodbridge, CT 06525, before

Del Vecchio Court Reporting Services or another competent authority.

The oral examination will continue from day to day thereafter until completed. You are

invited to attend and cross examine.

By: _____

Eugene N. Axelrod CT 00309
The Employment Law Group, LLC
8 Lunar Drive
Woodbridge, CT 06525
(203) 389-6526
(203) 389-2656 fax

## SCHEDULE "A"

You are required to bring with you to said deposition the following:

1.    All attendance records of Ricardo Inhan.

2.    All warnings and prior written notices for Ricardo Inhan.

3.    Any/and all correspondence, memo's, e-mails, notes, reports, analysis or other tangible items relating or concerning to Ricardo Inhan.

4.    All documentation showing Ricardo Inhan had a set schedule to be at work at a specific time showing his hours of employment.

5.    Any and all job description, writing or tangible item describing or listing Ricardo Inhan's duties were at the company.

6.    A list of Ricardo Inhan's pay structure from start of employment until the time he left employment with Northeast Marketing.

7.    A pictorial representation of the web site used/displayed by Northeast Marketing Group at the time of this deposition.

8.    All records logs, writings, e-mails, documents, or other tangible items that show, reflect,

record display or demonstrate the work, labor and/or services including but not limited to the

website on a daily basis for each day while employed and at work for Northeast Marketing, Inc.

# **CERTIFICATION**

This is to certify that a copy of the foregoing has been served, via First Class Mail postage prepaid, on this 25th day of June 2004, to counsel of record.

Louis M. Federici, Esq.
Parrett, Porto, Parese & Colwell, P.C.
2319 Whitney Avenue
Suite 1D
Hamden, CT 06518


Eugene N. Axelrod

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RICARDO INHAN
       PLAINTIFF

         :     CIVIL ACTION NUMBER:
         .     302CV0213(GLG)
         :

VS.
         :
         :

NORTHEAST MARKETING
GROUP, L.L.C., DEFENDANT
         :     APRIL 5, 2004

## DEFENDANT'S MOTION TO MODIFY SCHEDULING ORDER
## TO ALLOW ADDITIONAL DISCOVERY

The Defendant, pursuant to Federal Rule of Civil Procedure Rule 16(b), moves the Court for an Order modifying the Scheduling Order entered by the Court on August 26, 2002. The reason for such request is due to the plaintiff's disclosure of correspondence (e-mail dated September 11, 2000) allegedly produced by an employee of the defendant. The defendant was provided this scurrilous item by way of letter from plaintiff's counsel dated March 5, 2004. As such, the defendant was not aware of such correspondence during the discovery phase of this case as set forth in the Court's Scheduling Order. Discovery, pursuant to the Order, was to have ceased on May 8, 2003.

Lee-Ann Lionetti vehemently denies producing this e-mail. Moreover, on information and belief, the defendant contends this item was created by the plaintiff. In support of this Motion, the defendant has attached the Affidavits of Lee-Ann Lionetti and Byron Brewer.

EXHIBIT B

I:\Employment\NRTHEAST\Discovery\mot ext sch ord.doc

Therefore, the defendant respectfully requests that the Court modify the Scheduling Order for the limited purposes of allowing the defendant the opportunity to take additional depositions and /or file additional discovery for the sole purpose of determining information related to the correspondence.

THE DEFENDANT

BY: _____
Michael S. Wrona
Federal Bar No.: CT24105
Parrett, Porto, Parese & Colwell, P.C.
2319 Whitney Avenue, Suite 1D
Hamden, Connecticut 06518
Telephone Number: (203) 281-2700
Facsimile Number: (203) 281-0700

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RICARDO INHAN     :  CIVIL ACTION NUMBER:
   PLAINTIFF    :  302CV0213(GLG)
           :

VS.          :
           :

NORTHEAST MARKETING   :
GROUP, L.L.C., DEFENDANT  :  APRIL 5, 2004

## ORDER

The foregoing Motion having been heard, it is hereby, **ORDERED:**

**GRANTED** / **DENIED**.

BY THE COURT

_____

JUDGE / CLERK

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 5th day of April, 2004 to:

Eugene Axelrod, Esq.
The Employment Law Group
8 Lunar Drive
Woodbridge, Connecticut 06525.


_____
Michael S. Wrona
Commissioner of the Superior Court

Civil Action No: 302CV0213(GLG)

## AFFIDAVIT OF BYRON BREWER, JR.

The undersigned, having been duly sworn, deposes and states the following:

1.    I am over the age of eighteen and believe in the obligation of an oath.

2.    I make this affidavit on personal knowledge.

3.    I am the President / Member of Northeast Marketing Group, LLC, and I am familiar with its operations and personnel.

4.    I have reviewed the e-mail attached hereto as Exhibit A.

5.    I cannot state emphatically enough that I never received this e-mail.

6.    If I had received this e-mail I would have immediately terminated the individual who sent it.

7.    Such use of derogatory terms, whether spoken or in written form, would not be tolerated by Northeast Marketing Group, LLC.

8.    Northeast Marketing uses Microsoft Outlook exclusively for all e-mail correspondence.

9.    None of the employees of Northeast Marketing Group send company related e-mail to an American Online address.

10.   The e-mail indicates the on-line mailbox of the America Online account as "Zleao". I am not aware who owns this account.

11.   Lee-Ann Lionetti always refers to me as "By" in any e-mail she sends me.

12.   The tracking data that would reveal the origin, date and time this e-mail was originally sent is missing from the print screen.

13.   I make this affidavit under oath with the intention that it may be relied on in the case referenced above.

_____
BYRON BREWER, JR.

Subscribed and sworn to before me this 29th day of March, 2004.

_____
Commissioner of the Superior Court
Notary Public; My Commission Expires
**My Commission Expires 10/31/2008**

I:\Employment\NRTHEAST\aff byron brewer.DOC



Subj:   **GE, Ricardo & Percy**
Date:   9/11/2000 3:16:36 PM Eastern Standard Time
From:   lalionetti@northeastmarketing.com
To:     bybrewer@aol.com

Byron, that guy from GE had called and he was mad about the part S98019. As you
know, the quote was wrong and he isn't happy about it! You have to call him back
ASAP before he blows his top again.
Now, about Ricardo & Percy. I think you should not allow this nigger and his bum to
be taking lunch together. I told you the best thing to do is get rid of them all!
They don't belong here. Let Donna and Don learn the system from Percy and you
can fire their ass.

I'll see you tomorrow at 9:30  bye!

18 of 18

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 MAY 10 P 2: 17

U.S. DISTRICT COURT

```
-----------------------------------------x
RICHARD INHAN                            :
                                         :
            Plaintiff                    :
                                         :      3:02CV0213 (GLG)
v.                                       :
                                         :
NORTHEAST MARKETING GROUP, LLC,          :
                                         :
            Defendant                    :
-----------------------------------------x
```

## RULING ON PENDING MOTIONS

Currently pending are plaintiff's motion to compel (Doc. #110); plaintiff's motion to for extension of time (Doc. #113); defendant's motion for extension of time, (Doc. # 115); defendant's motion to compel, (Doc. # 119); Motion for Angela M. Offredi to Withdraw as Attorney (Doc. #120); plaintiff's motion to for extension of time (Doc. #121); and defendant's motion to for extension of time (Doc. #123).

Plaintiff's motion to compel (Doc. #110) is granted in part and denied in part. Defendant shall answer Interrogatory No. 1 and shall make available for inspection the photographs requested in Request for Production No. 1. Plaintiff's motion is denied in all other respects.

Defendant's motion to compel (Doc. #119) is granted in part and denied in part. Plaintiff shall answer Request for Admissions Nos. 1-5. Plaintiff is not required to answer Request for Admissions Nos. 6 or 7.

1
EXHIBIT D

## CONCLUSION

Plaintiff's motion to compel (Doc. #110) is **GRANTED in part and DENIED in part**; plaintiff's motion to for extension of time (Doc. #113) **is GRANTED**; defendant's motion for extension of time, (Doc. # 115) **is GRANTED**; defendant's motion to compel (Doc. # 119) is **GRANTED in part and DENIED in part**; Motion for Angela M. Offredi to Withdraw as Attorney (Doc. #120) **is GRANTED**; plaintiff's motion to for extension of time, (Doc. #121) **is GRANTED**; defendant's motion to for extension of time (Doc. #123) is **GRANTED** discovery shall be completed by July 9, 2004.

SO ORDERED, this the 6th day of May, 2004 at Bridgeport, Connecticut.

William I. Garfinkel
United States Magistrate Judge

2

1

2      Q    Mr. Inhan, when did you first come into

3   possession of this e-mail?

4      A    If I recall, it was the week of September

5   11th that I was working on a spreadsheet for Byron,

6   Sr.  He came to me and he told me that someone from

7   some company called him and said he received e-mails

8   and be careful with those e-mails because they might

9   have viruses.

10     Q    I'm only asking you the date.  When did you

11  first become aware of this e-mail?

12     A    I think it was when Senior was on vacation.

13  I think it was something related to September 16th, I

14  think.

15     Q    What year?

16     A    This is in 2000.  I don't know if it was a

17  Friday.  I'm not sure.  It looks like it was.

18  Everybody was away for the weekend.  I think it was

19  Friday.

20     Q    Okay.  The date that you just spoke of, is

21  that the first time you saw this e-mail?

22     A    That's right.

23     Q    Who gave you this e-mail?

24          MR. AXELROD:  Objection to the form.

25     A    Nobody gave me this e-mail.

Exhibit C
COMPUTER REPORTING SERVICE - (203) 234-1144